**MILLINOCKET THEATRE, Inc., v. KURSON et al.**

**MILLETT v. SAME.**

Nos. 12, 15.

District Court, D. Maine, N. D.

Nov. 18, 1940.

George S. Ryan, of Boston, Mass., for plaintiffs.

Fellows & Fellows, of Bangor, Me., Perkins & Weeks, of Waterville, Me., and Percy E. Higgins, of Old Town, Me., for defendants.

PETERS, District Judge.

This matter came on to be heard upon a motion in each of the above cases by counsel for plaintiff that judgment be entered by default against the defendant Kurson for wilfully failing to appear to give a deposition after having been duly notified to do so.

It appears that the plaintiff's counsel gave notice of the taking of the deposition of the defendant Kurson, to be taken at Bangor, his place of residence in this district, on November 13, 1940, and mailed copies of the notice to counsel of record for all of the parties on October 21, 1940.

Application for the issuance of a subpoena to compel the attendance of Kurson was made to the Clerk under Rule 45(d) (1), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and it was issued, but was returned unserved, the return reciting that Kurson could not be found in the officer's precinct.

Kurson did not appear to give his deposition at the time set, and thereupon this motion was filed under Rule 37 (d).

The principal point raised by counsel for Kurson in opposition to the motion is that Kurson was not properly summoned to appear to give his deposition, as the subpoena was not served upon him.

It is true that he was not served with a subpoena and therefore is not in contempt for not appearing (Rule .45(f); but the only notice required to be given was given (Rule 30(a), and, although a witness cannot be compelled to attend without the service of a subpoena, he can be subjected to the penalties for wilfully failing to attend if he is one of the parties and has been properly notified (Rule 37(d).

The only notice required .to be given is a reasonable notice in writing to all parties mentioned in Rule 30(a) and (g). This was served. in accordance with the provisions of Rule 5. The service of a subpoena is a useful method to compel the attendance of a witness, whether a party or not, but in the case of a party who has been properly notified there are special penalties provided for wilfully failing to attend (Rule 37(d).

In these' cases the defendant Kurson was properly notified and did not appear. The only doubtful question is whether or not that was wilful on his part. On that point the ·evidence presented was meagre, consisting largely of statements of counsel and the admitted fact that Kurson was not present at the time set for taking his deposition. His counsel assumed a large part of the blame for the non-appearance of his client, mentioning, in partial extenuation, the fact that he, the counsel, had been actively engaged here and elsewhere in what I assume to have been the worthy cause of bringing about the election of himself and others to Congress. On the remaining point of wilfulness I think I should hear further evidence, and will do so unless the parties compose their difference and take the desired deposition, which it would seem could now be easily done by agreement, either in ·Bangor, the residence of the proposed deponent, or in Boston, his temporary residence and place of business. In the absence of such a disposition of the matter I will hear evidence on the question of wilfulness and argument as to what penalties should be imposed, if any.