## ROERICH v. ESQUIRE CORONET, Inc., et al.

District Court, S. D. New York.
Jan. 25, 1941.

Olcott, Havens, Wandless & Stitt, of New York City, for plaintiff.

Greenbaum, Wolff & Ernst, of New York City (Alexander Lindey, of New York City, of counsel), for defendant Esquire Coronet, Inc.

Lewis M. Greene, of New York City, for defendant Burton Rascoe.

HULBERT, District Judge.

The motion is to dismiss the complaint in an action for libel.

Plaintiff alleges that he is a native of Russia and the bearer of a French passport and is a resident of Naggar, Kulu, Punjab, British India, and a citizen of a foreign country (not specifically identified). See Medvedieff v. Cities Service Oil Company, D.C., 35 F.Supp. 999, opinion dated Dec. 4, 1940.

On or about January 30, 1936, there were published in "The Sun" a New York evening newspaper, having a substantial circulation, two alleged libelous articles of and concerning the plaintiff and which he had made the basis of an action against the Sun Printing & Publishing Association in the New York Supreme Court, New York County, to recover damages in the sum of $2,000,000. The action was ultimately dismissed.

Thereupon, plaintiff brought this action, March 16th, 1939, charging that the defendants caused to be composed and printed in a monthly magazine called "Esquire" and published and circulated, an article bearing the heading "The Libel Racket" with a sub-heading "Maintaining That The Loud Silence of Newspapers Concerning Libel Actions is a Big Help to Crooks and Shysters" and containing alleged false and defamatory statements concerning the plaintiff, in connection with the suit in the New York courts.

At the time of the filing of the complaint herein the plaintiff was and still is in India.

On October 3, 1939, the defendant Esquire Coronet, Inc., served a notice pursuant to Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, of the taking of the deposition of the plaintiff in New York, New York, on November 8th, 1939. On October 31, 1939, the parties, by their respective attorneys, entered into a stipulation which recites that the plaintiff's attorneys had requested an adjournment of the trial of this cause for a period of three months for the purpose of producing the plaintiff for examination pursuant to said notice, and at the trial, and said examination was thereupon adjourned to January 9, 1940. On that date a further stipulation was entered into reciting that the attorneys for the plaintiff had requested an adjournment of the trial for an additional period of three months for the purpose of producing the plaintiff at said examination and at the trial, and said examination was adjourned to March 11th, 1940.

On April 26, 1940, there was a pretrial hearing before Senior Judge Knox, at whose direction the Clerk made a docket entry on May 14, 1940, relating to this cause: "Marked off Calendar: must be disposed of· by January 1st, 1941, on pretrial hearing held on April 26, 1940, by Knox, J."

In opposition to the pending motion, the plaintiff's attorney submitted an affidavit by Sina ·Fosdick, verified Jan. 16, 1941, in which she states: "I am the personal and business representative in this country of the above named plaintiff, and I am familiar with all matters connected with the above entitled action."

The affiant then proceeds to set forth the residence of the plaintiff in India; the fact that she wrote him early in August, 1940, by air mail impressing upon him the fact that it was urgent that he return to the United States not later than December 31, 1940, in order to prosecute the trial of this action, and that on or about December 23, 1940, she received from him the following air mail letter dated October 29, 1940:

"With reference to my proposed trip to the United States, I am sorry to write that owing to the present world situation and the dislocation of traveling facilities, it will be impossible for me to undertake such a journey.

"However I hope that with the return of normal conditions such a trip will be possible.
"With kind regards,
"Sincerely yours
"N. Roerich."

While the difficulties of travel from Bombay to New York may be readily appreciated, the plaintiff does not indicate in his letter that his ultimate return is anything more than a possibility in any event.

Counsel for the plaintiff states he is ready and willing to go to trial without the presence of his client. I do not feel that the defendants should be placed in such a position of disadvantage. They sought to procure his testimony and were lulled into the belief he would appear for that purpose by the two stipulations above referred to and the successive adjournments secured thereby.

The complaint will be stricken for failure of the plaintiff to in any way attempt to comply with the notice of the taking of his deposition under Rule 37(d) F.R.C.P., and the action will be dismissed for failure to prosecute with due diligence.