**SPAETH v. WARNER BROS. PICTURES, Inc.**

District Court, S. D. New York.

April 22, 1941.

Samuel Jesse Buzzell, of New York City, for plaintiff.

R. W. Perkins, of New York City, for defendant.

HULBERT, District Judge.

The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, should be so construed as to secure the just, speedy, and inexpensive determination of civil actions.

If the parties desire to be relieved of such restraints as the Rules impose, and so stipulate in writing, depositions may be taken before any person, at any time or place, upon any notice, and in any manner. Rule 29. Otherwise, "Depositions shall be taken only in accordance with these rules." Rule 26(a).

After issue joined, the testimony of any person, whether a party or not, may be taken at the instance of any party, upon oral examination.

It is not necessary to serve a subpoena *on a party*. A remedy upon his failure to appear, is a motion to strike out his pleading. Rule 37(d).

■ The attendance of other persons can only be compelled by the use of a subpoena as provided in Rule 45.

■ The notice to take the deposition of *any* person, upon oral examination, shall state the time and place, the name and address of each person to be examined, if known, and, if the name is unknown, a general description sufficient to *identify* him, or the particular class or group to which he belongs, and reasonable notice, in writing, shall be given to every other *party* so that the deponent may be cross examined as provided in Rule 26(c).

■ It is not necessary to particularize the subject matter of the examination in the notice, and in my opinion, it should not be done, but a motion may be made before the date of the examination under Rule 30(b), or after the examination has been commenced, under Rule 30(d), for the relief as therein provided.

■ A corporation must be examined by a designated officer, or officers, and it is necessary to keep in mind the distinction between an officer as representing a party and any other person, not a party. Particular attention is called to the provisions of subdivision (b) of Rule 26, which reads: "Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

■ Depositions of witnesses upon written interrogatories may be taken under Rule 31.

Rule 34 provides for the inspection, copying, or photographing of *designated* documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the custody, possession, or control of a party.

■ The details required to make an application under this rule may be obtained under Rule 26(b); a physical or mental examination may be obtained under Rule

35, and Rule 36(a) provides a method for obtaining an admission of facts or the genuineness of documents.

■ The notice of examination in this case does not conform to the Rules. It requires the defendant to determine the persons whom the plaintiff wishes to examine. The notice will, therefore, be vacated without prejudice.

A suggested form of notice will be found in Moore's Federal Practice under the New Rules, Vol. 2, page 2569.

The plaintiff may readily ascertain by examination of one or more officers of the defendant "the identity and location of the persons having knowledge of the relevant facts" sought, including books, etc.

Submit order.