## MARESCO v. LAMBERT.

### Civ. No. 1760.

District Court, E. D. New York.

Nov. 17, 1941.

Philip F. Di Costanzo, of Brooklyn, N. Y., for plaintiff.

Bigham, Englar, Jones & Houston, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion for the following relief: "for an order striking out the complaint in this action and dismissing the action and directing the entry of judgment in favor of defendant."

The motion is based upon the ground that the plaintiff failed to submit to an examination pursuant to Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and that the action should be dismissed pursuant to Rule 37, Subdivision (d) of the Federal Rules of Civil Procedure.

The excuse is rather lame but the client should not suffer in this instance because of the lawyer's fault. The excuse is that Mr. Di Costanzo, the attorney for the plaintiff, "had turned over this case to George A. Grabow, as Trial Counsel, and Mr. Grabow had instructed one of his associates, Stanley Kaufman to prepare this matter for trial. That around that time Mr. Kaufman was inducted into the United States Army and is presently in the armed forces of the United States and it was not until some time later it came to your deponent's attention that the plaintiff had failed to comply with the said order."

The affidavit of one of the attorneys for the defendant points out, however, that on May 12, 1941, Mr. Kaufman made an affi-

davit in this action in which he stated: "I am to be inducted into the Military Service of the United States on May 15, 1941 * * *". Furthermore, it appears that the order directing the plaintiff to appear for examination was dated April 25, 1941 and directed plaintiff to appear the following day for examination. The plaintiff was to be examined pursuant to the notice on April 25, 1941. Mr. Kaufman was not inducted into the Military Service until May 15, 1941. It may very well be that Mr. Kaufman was so concerned with his Military Service that he forgot about the examination of the plaintiff.

Under all the circumstances the default will be excused upon condition that the examination proceed at once and that the plaintiff be ready when the case is reached for trial; further, that there be paid to the attorneys for the defendant $25 for the inconvenience which was caused by the neglect. If these conditions are not complied with, the motion to dismiss will be granted.

Settle order on notice.