FRUIT GROWERS CO–OP. v. CALIFORNIA PIE & BAKING CO., Inc. (LONG ISLAND R. CO. et al., Third-Party Defendants).

Civil Action No. 2692.

District Court, E. D. New York.

Dec. 28, 1942.

Lord, Day & Lord, of New York City (John T. Noonan, of New York City, of counsel), for plaintiff for the motion.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City, for Robert E. Woodruff, etc., and Erie R. Co.

Louis J. Carruthers, of New York City (Matthew V. Stepsis and William Mc-Namara, both of New York City, of counsel), for Long Island R. Co.

CAMPBELL, District Judge.

This is a motion made by plaintiff under Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order vacating notices of the taking of the deposition of the plaintiff, and the plaintiff's employees by oral examination served on the plaintiff by the third-party defendants.

The plaintiff is a Wisconsin corporation, with its only office and place of business at Sturgeon Bay, Wisconsin.

The defendant and third-party plaintiff is a domestic corporation, with its principal place of business in Brooklyn, New York.

The third-party defendants are railroad corporations organized and existing under the laws of the State of New York.

The plaintiff sold 175,000 pounds of cherries to the defendant and third-party plaintiff by written agreement dated May 23, 1941, on terms f.o.b. Sturgeon Bay, Wisconsin, and delivered said cherries on July 23, and 24, 1941, in three carloads to the Ahnapee & Western Railroad Company, consigned to the defendant and third-party plaintiff in Brooklyn, New York. The said railroad company issued three bills of lading to the plaintiff which the plaintiff mailed to the defendant and third-party plaintiff. The purchase price of the said cherries was $11,715.25, on which the defendant paid the sum of $7,000, leaving a balance unpaid of $4,715.25.

The plaintiff instituted suit for the said balance of $4,715.25 with interest from July 24, 1941, in this Court by the filing of a complaint on May 1, 1942. The answer of the defendant and third-party plaintiff denied due performance of the sales contract by the plaintiff, and, as an affirmative defense and counterclaim, alleged negligence of the plaintiff in packing and stowing the said cherries for shipment, and demanded damages of $2,653.31.

On July 20, 1942, pursuant to a permissive order of this Court, the defendant and third-party plaintiff filed a third-party complaint which was served thereafter on the third-party defendants. The third-party complaint alleges, in effect, that the said shipment of cherries was damaged while in the care and custody of the railroad carriers en route from Sturgeon, Bay, Wisconsin, to Brooklyn, by the failure of the thirdy-party defendants to perform their common law and statutory duties and demands damages therefor and indemnity against any recovery of the plaintiff against the defendant and third-party plaintiff.

The answer of the third-party defendants is in substance a general denial with affirmative defenses that the said third-party

defendants and other carriers were not negligent in transporting the shipment and that the alleged loss was due to the act or default of the shipper or to the inherent vice or defect in the said cherries.

While it is true that the plaintiff asserts no cause of action against the third-party defendants and asks no judgment against them, it is also true that although the third-party defendants ask no judgment against the plaintiff, they do allege, by way of defense, that if there was the alleged loss, it was due to the act or default of the shipper, the plaintiff, or to the inherent fault, vice or defect in the said cherries, and therefore the third-party defendants are entitled to an examination.

The third-party defendants have served notices of the taking of the depositions on the plaintiff's attorneys, by oral examination in a law office in New York City of the plaintiff and the employees of the plaintiff having knowledge of the said sale, condition, packing, preparation for shipment, and shipment of the cherries on the following points:

1. Condition of the cherries at and prior to being packed and shipped.

2. The manner in which the cherries were packed.

3. The type, size, dimensions, weight and construction of the containers in which the cherries were packed.

4. The manner and method in which the containers were loaded, braced, stowed and blocked in the freight cars.

5. The names and addresses of all persons participating in preparing the shipment.

6. The experience and qualifications of the plaintiff and its employees in preparing and shipping similar commodities by railroad.

The plaintiff does not object to the scope of the examination as indicated in the said notices, but does ask for the vacation of the said notices on the grounds that (1) the third-party defendants can not compel the plaintiff to produce its employees as witnesses, and (2) the expenses which would be incurred by the plaintiff and its attorneys in attending such an examination should be borne by the third-party defendants.

The third-party defendants have the right to examine the plaintiff by its officers, and the officer or officers who possess most, if not all, of the information required, should be produced for examination at the place required in such notices. If, as shown by the affidavit of the General Manager of the plaintiff submitted on this hearing, no officer of the plaintiff was present at the time the three loads in question were packed or shipped, then the plaintiff should produce for examination its agents or servants who had knowledge of the condition, packing, preparing for shipment and shipment, and were in charge of the packing and shipping in the absence of any officer of the company, as such person, or persons, so in charge, was vested with discretion and authority, and was, or were, in reality a managing agent or agents of the plaintiff.

The plaintiff is not bound to produce all of its employees, other than those whom I have held would be managing agents, who had knowledge of the condition, packing, preparing for shipment, and shipment, as they would be witnesses, and while under Rule 26, the attendance of witnesses may be compelled, it must be by subpœna, as provided by Rule 45.

With reference to the question of expenses, it does not seem to me that plaintiff, who sought relief in this forum, should have the right to require the payment of the expenses of the taking of the depositions in the forum of its choice, of its officers or managing agents.

If plaintiff objects to the deposition being taken in the Southern District of New York according to the notices the order to be entered hereon may provide for the taking of the deposition in this district.

The scope of the examination is such that it seems clear to me that it should be by oral examination, and not by interrogatories.

The motion to vacate is denied, but the notices are limited to the requirement of the production by the plaintiff at its expense of the officer or officers of the plaintiff having the information, or most of the information on the subjects included in the scope of the proposed examination, and the agent or servant, or agents or servants, who was, or were, in charge, in the absence of the officers, of the packing and shipping, and are familiar with the condition, packing, preparation for shipment, and shipment, of the cherries in question, and if so indicated by plaintiff the order will provide that the examination be held in this district, and not in the Southern District, as provided in such notices.