## COLLINS v. WAYLAND et al.
### No. 10481.

Circuit Court of Appeals, Ninth Circuit.

Jan. 3, 1944.

Rehearing Denied Jan. 19, 1944.

E. E. Selden and Thomas Owen Marlar, both of Phoenix, Ariz., for appellant.

Snell, Strouss & Wilmer, of Phoenix, Ariz., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the District of Arizona, appellant, a citizen of Oregon, brought an action against appellees, citizens of Arizona, for damages in the sum of $21,000. Appellees answered. Thereafter, desiring to take the deposition of appellant upon oral examination, appellees gave notice as provided in Rule 30 (a) of the Federal Rules of Civil Procedure,[1] 28 U.S.C.A. following section 723c.

---

[1] Rule 30(a) provides: "A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs. On motion of any party upon whom the notice is served, the court may for cause shown enlarge or shorten the time."

The notice was dated November 6, 1942, and was served[2] on November 7, 1942. It was addressed to appellant and his attorney and was signed by appellees' attorneys. It read as follows:

"You and each of you will please take notice that [appellees] will take the deposition of [appellant] upon oral examination as an adverse party before Louis L. Billar, a notary public in and for the County of Maricopa, State of Arizona, at the offices of Snell & Strouss,[3] 703 Heard Building, Phoenix, Arizona, at 10:00 o'clock A.M., Friday, the 20th day of November, 1942."

Appellant disregarded the notice. He did not appear before the officer who was to take his deposition, or at the place where his deposition was to be taken, on November 20, 1942, or at all. On December 4, 1942, appellees filed and served[4] a verified motion stating these facts and praying the court to strike out appellant's complaint and enter a judgment by default against him, as provided in Rule 37(d) of the Federal Rules of Civil Procedure,[5] 28 U.S.C.A. following section 723c. After due notice, the court heard the motion[6] and, on December 21, 1942, made the following order:

"It is ordered that [appellant] appear for the taking of his deposition at Phoenix, Arizona, January 11, 1943, at the offices of Messrs. Snell & Strouss, attorneys for [appellees]; otherwise this complaint herein will be dismissed."

Appellant disregarded the order. He did not appear for the taking of his deposition on January 11, 1943, or at all. On January 12, 1943, appellees moved the court to dismiss the action, as provided in Rule 37 (d).[7] After due notice,[8] the court heard the motion, granted it and, on January 18, 1943, entered judgment dismissing the action. From that judgment this appeal is prosecuted.

 The appeal is a frivolous one. The notice for taking appellant's deposition was a proper notice and was properly served. It is immaterial, if true, that no subpoena was served on appellant,[9] for he was a party, and therefore no subpoena was necessary.[10] Nor is it material that appellant's deposition was to be taken in the office of appellees' attorneys.[11] The suggestion that, because appellant resided in Oregon, the District Court of the United States for the District of Arizona, whose jurisdiction he had invoked, could not require him to give a deposition in Arizona is untenable.[12] If he wished to be relieved from going to Arizona, he could and should have sought such relief by "motion seasonably made," as provided in Rule 30(b) of the Federal Rules of Civil Procedure,[13] 28 U.S.C.A. following section 723c. Instead, he disregarded the notice and the court's order and wilfully failed to comply with either.

Judgment affirmed.

---

[2] Service was made on appellant's attorney as provided in Rule 5(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[3] Appellees' attorneys.

[4] Service was made on appellant's attorney as provided in Rule 5(b).

[5] Rule 37(d) provides: "If a party * * * wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, * * * the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

[6] Appellant's attorney was present at the hearing.

[7] See footnote 5.

[8] Notice was served on appellant's attorney on January 12, 1943.

[9] See Rule 45 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[10] Millinocket Theatre v. Kurson, D.C.

Me., 35 F.Supp. 754, 755; French v. Zalstem-Zalessky, D.C.S.D.N.Y., 1 F.R. D. 240; Spaeth v. Warner Bros. Pictures, D.C.S.D.N.Y., 1 F.R.D. 729, 730.

[11] Madison v. Cobb, D.C.M.D.Pa., 29 F.Supp. 881.

[12] Roerich v. Esquire Coronet, D.C.S. D.N.Y., 1 F.R.D. 692; Fruit Growers Co-Operative v. California Pie & Baking Co., D.C.E.D.N.Y., 3 F.R.D. 206.

[13] Rule 30(b) provides: "After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories, * * * or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."