**PARKER v. HOT SHOPPES, Inc.**

No. 431.

Municipal Court of Appeals for the
District of Columbia.

Nov. 14, 1946.

Rehearing Denied Nov. 25, 1946.

I. H. Halpern, of Washington, D. C., for appellant.

Henry I. Quinn, of Washington, D. C. (Richard W. Galiher, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The basic question on this appeal is whether a notice of taking the deposition of a party is sufficient when served upon counsel for that party without serving a subpoena upon the party personally. Counsel for plaintiff took the position that such notice, served upon him, did not require him to produce the plaintiff for examination. He steadfastly maintained that position throughout a series of motions which were successively presented to three different judges of the trial court over a five month period. The last of these motions resulted in a dismissal of the action, and this appeal by plaintiff followed.

Plaintiff had sued for damages for personal injuries caused by tainted food allegedly served in defendant's restaurant. Defendant in its answer made a general denial and at the same time served upon plaintiff's attorney a notice of taking depositions of plaintiff by oral examination, under Rule 27 of the trial court (which is the same as Rule 30, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c). The time was set for some seventeen days later and the place designated was the office of defendant's counsel. At that time and place plaintiff's attorney appeared without his client and announced that it was the duty of defendant's counsel to have subpoenaed the plaintiff if he wished her presence. Nothing was then accomplished.

Defendant filed a motion to dismiss, based on the failure of the plaintiff to appear for the taking of the deposition. The judge who heard this motion overruled it. Plaintiff immediately filed a motion to require defendant to pay him an attorney's fee, contending under Rule 27(g) (2) that he was entitled to such fee because defendant had failed to subpoena the plaintiff for the examination referred to. This motion was overruled.

Trying again, defendant served upon plaintiff's attorney a motion just like the first one, for taking plaintiff's deposition, and again designated the place as the office of defendant's counsel. This motion was met by plaintiff's motion to stay or quash the taking of the deposition. The latter motion came before the same judge who had heard the original motion. He over-

ruled the motion for stay, and filed a written memorandum in which he held that defendant had complied with Rule 27, and that inasmuch as the complaint and answer had been filed and the court had acquired jurisdiction over the parties, defendant was not required to subpoena plaintiff in order to take her deposition.

Defendant's counsel then made their third attempt to take plaintiff's deposition by again serving notice upon her counsel, designating the same place and a new time. This time neither plaintiff nor her counsel appeared.

Instead, plaintiff filed a motion demanding that the attorneys for defendant be required to "file authority from the defendant to represent the defendant." This motion came before a second judge and was overruled.

Then it was that defendant's counsel again moved to dismiss. During the argument of this motion before a third judge, plaintiff's attorney took the position "that he would under no circumstances permit the plaintiff to comply with a notice for the taking of her deposition unless all the objections he had urged" (before the first judge) "were met by the defendant." In the course of the hearing the judge seemingly was seeking to prevail on plaintiff's counsel to yield so that the examination might be made, but counsel again refused and repeated the announcement we have quoted above. The judge thereupon granted the motion to dismiss.

We rule the dismissal was proper. There is no merit whatever in appellant's contention that it was necessary to resort to a subpoena in order to secure the attendance of the plaintiff at the deposition hearing. Notice to the attorney was notice to his client. Municipal Court Rule 5(b). Though the court had already ruled against him on that proposition the attorney refused to produce his client for examination.

And though at the last hearing the judge offered him a last opportunity to comply with the notice his reply, as we have seen, was an unequivocal refusal to comply except upon his own terms. He does not contend that the notices were unreasonable or that it was impossible, or even inconvenient, for plaintiff to appear at any of the times named or at the place designated. He seems to have elected to stand or fall upon his proposition that defendant could not reach plaintiff through her counsel but must issue a subpoena against her, the same as against any other witness not a party to the suit. Counsel is completely wrong in his position. No decision supports him, nor does any reasoning we can think of. On the contrary, all the decisions we have found under the Federal Rules of Civil Procedure are to the effect that notice of taking depositions need only by served upon the attorney in order to secure the attendance of his client.[1]

An almost identical case was recently before the Circuit Court of Appeals for the Ninth Circuit.[2] There the notice of deposition had been served upon the attorney for plaintiff, and the deposition was to be taken in the office of defendant's attorney in Arizona, though plaintiff lived in Oregon. Plaintiff disregarded the notice and on the ensuing motion of defendant the action was dismissed. The appellate court said:

"The appeal is a frivolous one. The notice for taking appellant's deposition was a proper notice and was properly served. It is immaterial, if true, that no subpoena was served on appellant, for he was a party, and therefore no subpoena was necessary. Nor is it material that appellant's deposition was to be taken in the office of appellees' attorneys."

Soon thereafter, in the Eighth Circuit,[3] it was held, just as emphatically, that service of such a notice upon counsel was all that was required to bring the parties in for examination.

[1] Collins v. Wayland, 9 Cir., 139 F.2d 677, 678, certiorari denied 322 U.S. 744, 64 S.Ct. 1151, 88 L.Ed. 1576; Peitzman v. City of Illmo, 8 Cir., 141 F.2d 956, certiorari denied 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577, rehearing denied 323 U.S. 813, 65 S.Ct. 112, 89 L.Ed. 647; French v. Zalstem-Zalessky, D.C., S.D.N.Y., 1 F.R.D. 240; Spaeth v. Warner Bros. Pictures, D.C., S.D.N.Y., 1 F.R.D. 729; see also Millinocket Theatre v. Kurson, D.C., N.D.Me., 35 F.Supp. 754.

[2] Collins v. Wayland, supra.

[3] Peitzman v. City of Illmo, supra.

There is even less merit in appellant's contention that he should have been allowed counsel fees and his contention that defendant's attorneys should have been required to prove that they really did have authority to represent their client.

Affirmed.