SCHESLER v. AMERICAN MILK PRODUCTS CO., Inc.

District Court, S. D. New York.
May 10, 1948.

Regan & Barrett, of New York City, (Edward G. Bathon, of New York City, of counsel), for plaintiff.

William J. Rapp, of New York City, for defendant.

KNOX, District Judge.

This is an application for an order striking out defendant's answer under Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

On August 26, 1947, defendant served a notice to take the deposition of three officials of plaintiff's assignor on September 18th. These were Mrs. Gordon, Peters, and Cooper. On September 4th plaintiff served a notice stating its desire to examine defendant's president, Arnold, on September 12th.

Disagreements having developed, five motions in this matter came on before Judge Coxe on September 30, 1947. By one of such motions defendant sought to stay plaintiff from taking any further proceedings until compliance was had of a subpoena duces tecum issued out of the District Court for the Eastern District of Michigan. The show cause order on which this motion was initiated was signed by Judge Leibell on September 23d and contained the following:

"Ordered, that pending the final hearing and determination of this motion, all proceedings on the part of the plaintiff be, and the same hereby, are stayed."

Thereafter Judge Coxe wrote a memorandum deciding the principal question that had been urged before him, and held the other motions in abeyance pending a pre-trial conference. Subsequent to that conference, Judge Coxe by memorandum directed that Mrs. Gordon and Peters should be examined in Detroit on November 6th, and that Arnold should be examined in New York on November 12th. The memorandum contains no express reference to the motion to stay plaintiff pending a compliance with the subpoena duces tecum.

Mrs. Gordon being ill, it was agreed her deposition would not be taken. After several adjournments, Peters was examined in New York, and counsel entered upon the examination of Arnold. Defendant made objections to the scope of the examination, and these came on before Judge Ryan, who overruled many of them. Counsel for defendant argued in support of the objections that Judge Coxe had limited defendant's examination of Peters to relevant matters, and that therefore plaintiff's examination of Arnold should be similarly restricted. Judge Ryan expressed himself to the effect that he did not construe Judge Coxe's opinion as confining defendant in this way.

Counsel for defendant now wishes to examine Peters more thoroughly than he had previously believed he was empowered to do, and has meanwhile advised Arnold not to appear for the resumption of his examination. This action gave rise to the present motion.

■ In view of the circumstances I have recited, I think it is advisable to continue with the examination of Arnold. Such a course, conforming to Judge Coxe's directions, appears most likely to expedite the examinations. I do not foresee any prejudice or unfairness to defendant.

■ Defendant urges that plaintiff may not proceed to examine Arnold because the stay signed by Judge Leibell has never been vacated. The argument is not convincing. The show cause order sought a stay against the plaintiff pending compliance with a subpoena. The subpoena in question was directed to "Alexander Peters, Gordon Baking Co." The Baking Company was at that time an impleaded party to the action. Subsequently Judge Conger vacated the impleader without prejudice, and the decision of Judge Coxe, already referred to, denied the impleader on the merits. Clearly this determination rendered moot the motion for a stay. Plaintiff could not be stayed because one not a party refused to comply with a subpoena. The issue was therefore effectually determined, and consequently the stay expired by its terms. Further, if defendant is convinced that the stay still operates, it should not have permitted any examination of Arnold.

Arnold's failure to appear for the resumption of his examination properly falls within Rule 37(d) (failure of a party or officer to attend), rather than within 37(a) (refusal to answer any question propounded). However, dismissal should not be ordered without providing the party in default with an opportunity to submit to the examination. Cohn v. Annunziata, S.D.N.

Y., 1939, 27 F.Supp. 805; Millinocket Theatre, Inc. v. Kurson, D.C.Me., 1940, 35 F.Supp. 754; Maresco v. Lambert, E.D.N. Y., 1941, 2 F.R.D., 163.

The motion is denied on condition that the examination of Arnold continues.