JOHN CANNON, PLAINTIFF, v. VIRGINIA STEVEDORING CORPORATION, A NEW YORK CORPORATION, DEFENDANT.

Hudson County Court
Law Division

Decided May 11, 1951.

*Messrs. Kellogg* and *Chance,* attorneys for plaintiff.

*Mr. George P. Moser,* attorney for defendant.

TENENBAUM, J. C. C.   The plaintiff served upon the defendant's counsel the following notice:

"To: George P. Moser, Esq.,
    Attorney for Defendant,
    415-32nd Street,
    Union City, N. J.
  Please Take Notice that pursuant to Rule 3:26-1, et seq., of the Rules of Civil Practice, on Tuesday, May 22nd, 1951, at 2:00 o'clock

in the afternoon, at 15 Exchange Place, Jersey City, N. J., in Room 1110, before Ashley D. Carrick, Esq., an Attorney at Law of the State of New Jersey, we shall take the depositions of Captain Alsop, Carl Larsen, Sr., and Carl Larsen, Jr., the foreman and supervisors, employees of the defendant, and Denys Alsop, Vice President of the defendant corporation, as witnesses, upon oral examination with respect to all matters relevant to the subject matter involved in this action.

Take Further Notice that you, George P. Moser, Esq., attorney for the defendant, are required to produce the said Captain Alsop, Carl Larsen, Jr., Carl Larsen, Sr., and Denys Alsop, for the said examination at the time and place aforesaid, together with copies of all agreements with American Export Lines, Inc., covering stevedoring operations on Pier D, Jersey City, N. J., on February 23rd, 1950, and immediately prior thereto.

Dated: May 11th, 1951.

s/ Kellogg & Chance

Kellogg & Chance
Attorneys for Plaintiff.

By R. Robinson Chance

R. Robinson Chance,
A Member of the Firm."

The defendant moves to vacate the second paragraph of the foregoing notice for the succinctly stated reasons:

(1) The persons named in the second paragraph of the notice, being employees of the corporate defendant, must be served with a subpoena to have their depositions taken.

(2) Documents for examination must be secured by subpoena *duces tecum*.

(3) The document in question should not be ordered to be produced for examination.

It is admitted by the defendant that service of a notice upon counsel of a *party* to the suit to produce such party, at the time and place fixed in the notice, is sufficient and binding to require the attendance of such person for oral examination before trial, and if the party be a corporation, it is obliged to produce any officer or director.

While there has been no judicial pronouncement in our state courts dealing with the sufficiency of notice upon counsel to produce corporate officers or directors arising out

of *Rule* 3:26-1, the federal courts have frequently dealt with this situation, as *Rule* No. 26 of the Rules of Civil Procedure, 28 *U. S. C. A.*, in the federal courts is substantially the same as our *Rule* 3:26-1, it having been patterned from the former rule.

The United States District Court for the Southern District of New York has repeatedly held that a subpoena need not be served upon the party whose deposition is sought to be taken; the service of a notice upon his attorney being sufficient. *Collins v. Wayland,* 139 *F.* 2d 677 (*C. C. A.* 9 1944); *Spaeth v. Warner Brothers Pictures, Inc.,* 1 *F. R. D.* 729 (*D. C. S. D. N. Y.* 1941); *French v. Zalsten-Zalesski,* 1 *F. R. D.* 240 (*D. C. S. D. N. Y.* 1940); *Havell v. Time,* 1 *F. R. D.* 439 (*D. C. S. D. N. Y.* 1940). And the same court in *Mulligan v. Eastern S. S. Lines,* 6 *F. R. D.* 601 (*D. C. S. D. N. Y.* 1946) held that "where the deposition of a corporate party is taken by a named officer or director, it is unnecessary that a subpoena be served on the individual, since in that case the party must produce the named officer or director for examination."

It is readily apparent that our *Rule* 3:37-4 requires a corporate party to produce for examination, in addition to officers and directors, "managing and authorized agents of the corporation." Thus, I reach the conclusion that when notice is served upon the attorney for a corporate party, it is obliged to produce for submission to oral examination before trial, *and without subpoena,* named officers, directors, managing and authorized agents.

Does the language and the spirit of the rules go one step further and contemplate the inclusion of *employees* of a corporate party? I think not. In *Freeman v. Hotel Waldorf-Astoria Corporation,* 27 *F. Supp.* (*D. C. S. D. N. Y.* 1939) the court held that the presence, for oral examination before trial, of an employee of a corporate party must be obtained by subpoena.

Captain Alsop, Carl Larsen, Sr., and Carl Larsen, Jr., have been designated as foreman and supervisors in the answers

to interrogatories, and their very titles classify them as employees, so as to necessitate the service of a subpoena upon them to take their depositions.

Since I have already determined that a notice served on the attorney for a *party* to the litigation is sufficient compulsion for the attendance of certain persons at a time and place fixed for oral examination, it follows as a logical corollary that the same type of notice is ample to secure the production of documents. *Society of Independent Motion Picture Producers v. United Detroit Theatre Corporation,* 8 *F. R. D.* 453 (*D. C. Mich.* 1949).

The defendant urges that it should not be obliged to supply the demanded document under any circumstances, as it "is certainly not relevant to this issue and has no place in the record, and if it is in the record, it can only confuse and harass this defendant." It thereby seeks the protection of *Rule* 3 :30–2.

The plaintiff grounds his right to examine the document from the following excerpt taken from his brief:

"* * * but think we discern in the answers to interrogatories some uncertainty as to defendant's concessions based upon some notion that there might be some defense as to what the defendant's legal obligation might be with respect to the north side of the Pier and the south side of the Pier, and a not unnatural curiosity as to why the defendant distinguishes so much in his answers to interrogatories between north side and south side leads to the thought that perhaps the contract between the owner of the Pier and the defendant might leave no room for doubt or quibble, mistake or misunderstanding, as to the extent and location of the authority of the defendant over Pier D, and as to whether the contract contained any stipulations about the charge and custody of pallets, or any other of the matters which might be relevant to the questions of control, activities and the like."

The document was not submitted to the court for examination upon the argument of the motion, nor does the brief of the defendant shed much light on its contents, except to allege that it is an agreement between the defendant and the American Export Lines touching the doing of certain stevedoring by the latter for the former.

■ Thus, under the strong urgence of need of the document, I cannot, at this juncture, withhold its submission to examination. The defendant's rights can be fully protected at the time of the taking of depositions under *Rule* 3:30–4.

Chief Justice Vanderbilt expressed the virtues of discovery as promulgated in the new rules, when he proclaimed:

"Liberal procedures for discovery in preparation for trial are essential to any modern judicial system in which search for truth in aid of justice is paramount and in which concealment and surprise are not to be tolerated." *Lang v. Morgan's Home Equipment Corp.*, 6 *N. J.* 333; 78 *A. 2d* 705 (1951).

An order may be submitted in conformity with the foregoing.