**Molly O'NEILL and Mary Claire McDonough, Plaintiffs,**

**v.**

**BLUE COMET CAB CORP., Philip Kleinman, Robert H. Reinhardt, Richard Bensen and Marcus D. Beard, Defendants.**

United States District Court
S. D. New York.
Nov. 4, 1953.

**162**

Samuel F. Berkon, New York City, for plaintiffs.

Jerome Heffer, New York City, for defendants Blue Comet Cab Corp. and P. Kleinman.

Davidson, Cohen & Zelkin, New York City, for defendant Marcus D. Beard.

SUGARMAN, District Judge.

Plaintiffs move for an order striking the answer of Marcus D. Beard, one of the defendants, for his failure to appear for examination on oral deposition pursuant to a notice dated January 7, 1952.

Beard's attorneys oppose this motion, citing F.R.Civ.P. 45(d) (2), 28 U.S.C.A., upon the ground that he resides in North Carolina and the moving papers fail to state that a subpoena was served upon him. That rule, when read in conjunction with F.R.Civ.P. 26(a), applies only to the examination of a witness. Subpoena need not be served upon a party for the taking of his deposition pursuant to notice.[1]

Defendant's attorneys also oppose this motion upon the ground that their "files fail to disclose" that a copy of such notice was served upon them and they do not recall having received or seen it. However, plaintiffs' attorney states by affidavit that a copy thereof was served by mail upon defendant's attorneys on January 7, 1952. Such service was complete on mailing.[2]

If the examination in this district of defendant Beard constituted a hardship, he should have seasonably moved for appropriate relief [3] after his counsel first learned that plaintiffs' counsel claimed the notice to have been served. That was, at the latest, when the instant motion was first on the calendar on June 25, 1953. This motion has been adjourned six times and was finally argued, at the court's insistence, on October 20, 1953. In all that time no motion for relief under Rule 30(b) was brought on by the defendant. Defendant's silence during this four month period lends credence to the assertion of plaintiffs' attorney that negotiations, including those at the pre-trial conference on May 20, 1952, were had by him with defendant's counsel for the production of the defendant in this district for examination.

Under these circumstances, plaintiffs' motion to strike defendant Beard's answer is granted unless said defendant appears for the taking of his deposition upon oral examination at the office of the Clerk of this court, Room 601, United States Courthouse, within thirty days from the entry of an order on this motion.[4]

Settle order.

---

1. Collins v. Wayland, 9 Cir., 139 F.2d 677, certiorari denied 322 U.S. 744, 64 S.Ct. 1151, 88 L.Ed. 1576.

2. F.R.Civ.P. 5(b).

3. F.R.Civ.P. 30b.

4. F.R.Civ.P. 37(d).