**BOURNE, INC., DeSylva, Brown & Henderson, Inc. and Melrose Music Corporation, Plaintiffs**

**v.**

**John ROMERO and Billeus Broussard, Defendants.**

**Civ. A. No. 7066.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 3, 1959.

Charles M. Lanier of Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for plaintiffs.

No appearance for defendants.

J. SKELLY WRIGHT, District Judge.

The above-entitled cause came before the Court on January 21, 1959, on plaintiffs' motion to strike defendants' pleadings and to enter default judgment.

### Findings of Fact

This action, arising under Title 17 U.S.C., was commenced on September 9, 1957, by Bourne, Inc., owner of the copyright to the musical composition "San Antonio Rose", by DeSylva, Brown & Henderson, Inc., owner of the copyright to the musical composition "September Song", and by Melrose Music Corporation, owner of the copyright to the musical composition "Five Minutes More". The essential allegations of the complaint are that the defendants, John Romero and Billeus Broussard, as proprietors of the nightclub known as the "Club La Louisiane", located on Route #1, Box 71–A, in New Iberia, Louisiana, in this District, on June 23, 1957, and at other times prior and subsequent thereto, without the knowledge, consent or approval of the above copyright owners, and in infringement of their copyrights, gave public performances for profit of the above-named musical compositions on the premises of the "Club La Louisiane" and that the said defendants threatened to continue such infringing performances unless restrained by this Court. The plaintiffs, joined in the action in conformance with Rule 20 of the Federal Rules of Civil Procedure, 28 U.S.C., prayed for injunctive relief, statutory damages, reasonable attorneys' fees and costs in accordance with Title 17 U.S.C. §§ 101 and 116. The defendants filed an answer in which they denied all of the allegations of the complaint, the great majority for lack of sufficient information, except that they admitted that they resided within this District, that they owned and controlled the "Club La Louisiane" and that, generally, musical compositions were and are being publicly performed for profit in their establishment for the purpose of attracting and entertaining patrons.

Subsequent to the filing of the defendants' answer, on January 11, 1958, in conformity with Rule 36 of the Federal

Rules of Civil Procedure, the plaintiffs served upon the defendants a request for admissions in which the plaintiffs requested the defendants to admit or deny, within ten days after service, the validity of the forty-two statements of fact. contained in the request and the copies of the certificates of copyright registration for the musical compositions in the plaintiffs' names, which had been annexed to and made a part of the request for admissions. This request for admissions incorporated the essential allegations of the complaint necessary to establish the plaintiffs' case, which had been previously denied by the defendants in their answer.

■ On February 28, 1958, defendants' counsel replied to the request for admissions and admitted each and every allegation of fact contained therein, except those allegations contained in Paragraphs 13, 30 and 41 of the request for admissions, in effect admitting all of the essential allegations of the complaint, except the fact that the three musical compositions alleged, were actually performed in defendants' establishment on June 23, 1957. On March 13, 1958, and on October 17, 1958, orders were entered herein whereby defendants' counsel withdrew from the case. A pretrial conference was ordered in this matter to be heard on October 24, 1958, at 2:00 P.M., but the defendants failed to appear at said pretrial conference and were unrepresented there by counsel. On August 19, 1958, plaintiffs' counsel, by registered mail, forwarded to defendants notices of plaintiffs' intention to take defendants' depositions before Miss Marguerite Hebert, at the offices of Helm, Simon & Caffery, in New Iberia, Louisiana, on Saturday, September 6, 1958, but the defendants refused to accept the registered letters, necessitating the cancellation of the depositions scheduled for September 6, 1958.

On November 5, 1958, plaintiffs' counsel obtained from the Clerk of this Court subpoenas ordering the defendants to appear and be examined on Saturday, December 6, 1958, at 11:00 A.M. before the same notary and in the same offices in New Iberia, Louisiana, and to there produce certain documents and records relevant to the case. The Deputy Marshal, after one previous unsuccessful attempt in service of the subpoenas on November 13, 1958, finally effected service of one subpoena on defendant John Romero on November 19, 1958, but was unsuccessful in serving the defendant Billeus Broussard. On December 2, 1958, plaintiffs' counsel obtained an order appointing Collins Dautreuil, Deputy Sheriff of Iberia Parish, as special agent to effect service on Billeus Broussard and also sent a new notice to the defendant by registered mail, of the depositions scheduled for December 6, 1958. The notice sent by registered mail was received by Billeus Broussard on December 3, 1958, and the Deputy Sheriff effected personal service on said defendant on December 4, 1958. At the depositions in New Iberia on Saturday, December 6, 1958, the defendants appeared but refused to be sworn and testify and failed to produce the records which they had been ordered to produce by the subpoenas and the notice sent by plaintiffs' counsel. Because of the defendants' failure to make discovery, plaintiffs brought this motion to invoke the penalties of Rule 37(b) (2) (iii) and Rule 37(d) of the Federal Rules of Civil Procedure, requesting that the defendants' answer and response to request for admissions be stricken from the record and judgment by default entered in favor of plaintiffs and against defendants. In support of this motion, plaintiffs annexed the affidavits of Elizabeth G. Owen and Thomas G. Owen, who were present and heard the said compositions performed in defendants' establishment on the date alleged and the affidavit of their counsel, Charles M. Lanier, in verification of the facts above set forth. Plaintiffs' counsel also relied upon the return of Miss Margue-

rite Hebert, which shows that the defendants refused to be sworn and testify. At the hearing of the motion to strike defendants' pleadings, and to enter default judgment, on January 21, 1958, the defendants failed to appear and were unrepresented by counsel, and plaintiffs' counsel presented the motion without opposition. Because of the defendants' refusal to give discovery and to comply with the order of this Court to produce the records and documents requested under the provisions of Rule 37(b) (2) (iii) and Rule 37(d) of the Federal Rules of Civil Procedure, the plaintiffs are entitled to have the defendants' answer and response to request for admissions stricken from the record and judgment entered by default as a matter of law.

### Conclusions of Law

It is apparent that the plaintiffs are entitled to the relief prayed for as a matter of law. The conduct of defendants, in failing to appear for pretrial conference, in refusing to accept registered mail addressed to them by plaintiffs, in refusing to be sworn and testify at their depositions and in failing to produce the documents and records ordered to be produced, clearly indicates their intention to ignore the orders and rules of this Court designed to augment the orderly administration of justice or, at least, to delay and hinder plaintiffs in their attempt to utilize in this case the pretrial discovery proceedings available under the Federal Rules. Defendants have apparently refused to adhere to the advice of able counsel and, for this reason, are no longer represented by counsel in these proceedings and show no intention of defending the suit in the manner required by law. They are, nonetheless, answerable for their conduct and are subject to the consequences imposed by the Federal Rules of Civil Procedure for refusal to make discovery.

Rule 37(b) (1) of the Federal Rules of Civil Procedure provides that "if a party * * * refuses to be sworn * * *

after being directed to do so by the court in the district in which the deposition is being taken, the refusal may be considered a contempt of that court." Defendants were directed by this Court, in the subpoena issued on November 6, 1958, to appear and testify. Compliance with this order required that they testify under oath and they have refused to do so. They are, therefore, subject to being held in contempt of court for their refusal to comply with this mandate of the Court. Plaintiffs, however, are not asking for the imposition of this penalty. Plaintiffs, rather, seek relief under Rule 37 (b) (2) (iii), which provides that, should a party refuse to obey an order made under Rule 34 to produce any document or other thing for inspection, the court may make "an order striking out pleadings or parts thereof * * * or rendering a judgment by default against the disobedient party", and under Rule 37(d), which provides that "if a party * * * wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice * * * the court on motion and notice may strike out all or any part of any pleading of that party * * * or enter a judgment by default against that party."

■■ It should be noted that it is not necessary to serve a subpoena on a party to a suit in order to take his deposition. Rule 30(a) of the Federal Rules of Civil Procedure merely requires that he be given "notice" and such "notice" is all that is required to bring the provisions of Rule 37(d) into effect. Millinocket Theatre v. Kurson, D.C.N.D.Me.1940, 35 F.Supp. 754; Peitzman v. City of Illmo, 8 Cir., 1944, 141 F.2d 956; Collins v. Wayland, 9 Cir., 1944, 139 F.2d 677; Spaeth v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y.1941, 1 F.R.D. 729; O'Neill v. Blue Comet Cab Corp., D.C.S.D.N.Y. 1953, 21 F.R.D. 161; French v. Zalstem-Zalessky, D.C.S.D.N.Y.1940, 1 F.R.D. 240; Perry v. Edwards, D.C.W.D.Mo.

1954, 16 F.R.D. 131; Loosley v. Stone, D.C.S.D.Ill.1954, 15 F.R.D. 373. The rule to this effect was aptly stated in Millinocket Theatre, Inc. v. Kurson, supra, 35 F.Supp. 754, 755, as follows:

"It is true that he was not served with a subpoena and therefore is not in contempt for not appearing (Rule 45(f); but the only notice required to be given was given (Rule 30(a), and, although a witness cannot be compelled to attend without the service of a subpoena, he can be subjected to the penalties for wilfully failing to attend if he is one of the parties and has been properly notified (Rule 37(d).

"The only notice required to be given is a reasonable notice in writing to all parties mentioned in Rule 30(a) and (g). This was served in accordance with the provisions of Rule 5. The service of a subpoena is a useful method to compel the attendance of a witness, whether a party or not, but in the case of a party who has been properly notified there are special penalties provided for wilfully failing to attend. (Rule 37(d)."

Rule 5(b) of the Federal Rules of Civil Procedure provides that "service * * * upon a party shall be made * * * by mailing it to him at his last known address" and that "service by mail is complete upon mailing." In Porto Transport, Inc. v. Consolidated Diesel Electric Corp., D.C.S.D.N.Y.1957, 21 F.R.D. 250, it was held that service of notice was completed by depositing same in the mail. In this case, plaintiffs had originally scheduled the depositions of defendants for Saturday, September 6, 1958, in New Iberia, Louisiana, and had served notices on defendants by depositing same in the United State mail. Service of these notices were thus effected upon their being mailed and defendants were required to be in attendance on that day or suffer the penalties of Rule 37(d). Their refusal to accept the registered letters addressed to them and the return of those letters to plaintiffs' counsel was thus not a failure to effect service of the notices, but notice by defendants to plaintiffs of their refusal to have their depositions taken. The cancellation of the depositions scheduled for that date was the result of defendants' refusal and does not relieve them of the imposition of the penalties of Rule 37(d). Because of this refusal, plaintiffs are entitled to have defendants' answer and their response to the request for admissions stricken from the record and judgment by default entered. Cohn v. Annunziata, D.C.S.D.N.Y.1939, 27 F. Supp. 805; Spaeth v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y.1941, 1 F.R.D. 729; Peitzman v. City of Illmo, 8 Cir., 1944, 141 F.2d 956; Hammond Packing Company v. State of Arkansas, 1909, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530; French v. Zalstem-Zalessky, D.C.S.D.N.Y.1940, 1 F.R.D. 240.

■ Because of the refusal of defendants to accept registered mail, plaintiffs secured the issuance and service of subpoenas directed to defendants ordering their appearance to testify on Saturday, December 6, 1958, in New Iberia, and to there produce certain documents and records desired to be inspected by plaintiffs. Despite their elusive tactics, personal service of these subpoenas was finally effected and, in addition, a new notice was mailed to and received by defendant Billeus Broussard. Although defendants responded to these subpoenas and defendant Billeus Broussard responded to the new notice, it was only in the sense that they were on December 6, 1958, present physically at the site selected for the taking of their depositions. They failed completely to comply with the contents of the subpoenas and of the mailed notice, for they failed to produce the documents and records ordered to be produced and refused to take oath in order that they could be examined properly. Defendants' refusals to give oath

were tantamount to refusals to make discovery and their physical presence at the site selected did not constitute "appearances" in the sense required by the Federal Rules of Civil Procedure. They are thus subject to the imposition of the penalties of Rule 37(b) (2) (iii) and Rule 37(d), which provide that the Court may order their pleadings stricken from the record and enter default judgment. Rule 37(b) (2) (iii) is applicable because of their failure and refusal to produce the documents and records ordered to be produced by this Court and Rule 37(d) is applicable because of their wilful refusal to be sworn and testify. Hammond Packing Company v. State of Arkansas, 1909, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530; Cohn v. Annunziata, D.C. S.D.N.Y.1939, 27 F.Supp. 805; Spaeth v. Warner Bros. Pictures, Inc., D.C.S.D.N. Y.1941, 1 F.R.D. 729; Peitzman v. City of Illmo, 8 Cir., 1944, 141 F.2d 956; French v. Zalstem-Zalessky, D.C.S.D.N. Y.1940, 1 F.R.D. 240.

As has been shown in their response to the request for admissions, defendants admitted every request pertaining to the material allegations of plaintiffs' complaint, except for the request dealing with the performances of the said musical compositions by a group of musicians on June 23, 1957, at defendants' premises, Club La Louisiane, located on Route #1, Box 71–A, in New Iberia. They have admitted the following:

1. The originality and authorship of the three musical compositions involved.

2. Compliance with all formalities required to secure copyright under the Copyright Law, Title 17, U.S.C.

3. That plaintiffs are the proprietors of the respective copyrights of the three compositions involved in this action.

4. That defendants own, control, manage, operate and maintain the Club La Louisiane as a place of business for public entertainment, accommodation, amusement and refreshments, and did so on June 23, 1957.

5. That defendants had not received permission from any of the plaintiffs or their representatives for performances of the three compositions involved in this action.

Thus, the only question remaining in dispute in this suit at the time defendants' depositions were scheduled was the question concerning whether or not the three musical compositions were performed in defendants' establishment. It was on this very issue that plaintiffs depositions and toward which the subplanned to question defendants at the poenas served on defendants were directed. In light of defendants' behavior, plaintiffs are therefore clearly entitled to have stricken from the record all the allegations of defendants' answer and response to the request for admissions including defendants' denial that such compositions were performed.

By striking defendants' answer from the record, plaintiffs' allegations become uncontroverted and permit entry of default judgment. In addition, however, together with their motion to strike and to enter default judgment, the plaintiffs filed affidavits of Thomas G. Owen and Elizabeth G. Owen, which show to the Court that the unauthorized performances of the compositions alleged in the complaint were actually given at the Club La Louisiane on June 23, 1957. The affidavits of Mr. and Mrs. Owen show that they both have had intensive training in music and are highly qualified to identify performances of musical compositions.

Mr. and Mrs. Owen were present in the Club La Louisiane as paying customers on June 23, 1957, and at that time each of them prepared a separate contemporaneous written record of the compositions performed. They both state with absolute certainty that they heard the compositions "San Antonio Rose", "Sep-

tember Song" and "Five Minutes More" performed at the Club La Louisiane on that date and the contemporaneous written record prepared by each of them, true photostatic copies of which are attached to the affidavit of each, lists the performance of these three compositions. Consequently, there can be no genuine issue as to the performance of these three copyrighted musical works at the Club La Louisiane on June 23, 1957.

■ Plaintiffs are entitled to an injunction and $250 as minimum damages for each cause of action, under 17 U.S.C. § 101, which provides in part:

"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:

"(a) *Injunction.* To an injunction restraining such infringements;

"(b) *Damages and profits; amount; other remedies.* To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement * * * and such damages shall in no other case exceed the sum of $5,000, nor be less than the sum of $250."

Thus, where, as in this case, a plaintiff has proved infringement on the part of the defendant, but has not submitted proof of the actual damages, award of $250 as minimum charges in each cause of action is mandatory. Jewell-La Salle Realty Co. v. Buck, 1931, 283 U.S. 202, 51 S.Ct. 407, 75 L.Ed. 978; L. A. Westermann Co. v. Dispatch Printing Co., 1919, 249 U.S. 100, 39 S.Ct. 194, 63 L. Ed. 499; F. W. Woolworth Co. v. Contemporary Arts, Inc., 1952, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276; Interstate Hotel Co. of Nebraska v. Remick Music Corp., 8 Cir., 1946, 157 F.2d 744, certiorari denied 1947, 329 U.S. 809, 67 S. Ct. 622, 623, 91 L.Ed. 691, rehearing denied 1947, 330 U.S. 854, 67 S.Ct. 769, 770, 91 L.Ed. 1296; Widenski v. Shapiro Bernstein & Co., 1 Cir., 1945, 147 F. 2d 909.

■ Award of a counsel fee to the prevailing party in a copyright infringement action is expressly authorized by 17 U.S.C. § 116, which states:

"In all actions, suits, or proceedings under this title, except when brought by or against the United States or any officer thereof, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs."

Thus, the amount of the attorney's fee to be awarded in any case is within the Court's discretion.

In this case, the substantial amount of legal work required on behalf of plaintiffs is shown by the affidavit of Charles M. Lanier submitted in support of plaintiffs' motion.

Plaintiffs request that the Court award to them as attorneys' fees such sum as to the Court shall appear just and proper under all of the circumstances.

The Court feels that an award of $500 is reasonable under the circumstances.