**UNITED STATES of America,
Plaintiff,**

v.

**Oscar KELLEY and Dorothy L. Kelley,
Defendants.**

**Civ. A. No. 65–G–18.**

United States District Court
S. D. Texas,
Galveston Division.

Dec. 20, 1968.

Morton L. Susman, U. S. Atty., and Joel P. Kay, Asst. U. S. Atty., for plaintiff.

No appearance for defendants.

## MEMORANDUM AND ORDER

NOEL, District Judge.

The United States brought this action to collect the balance due on a Veterans Administration guaranteed loan. Defendants defaulted, and judgment was entered. Thereafter, in United States v. McWhirter, 376 F.2d 102 (5th Cir. 1967), the Court of Appeals for the Fifth Circuit decided that Rule 69(a) of the Federal Rules of Civil Procedure authorized a judgment creditor to propound interrogatories under Rule 33 and obtain a court order if the judgment debtor refused to answer them.

Following this decision the United States mailed a set of interrogatories to one of the defendants in this action. Now the United States moves for an order compelling an answer.

In its affidavit in support of its motion, the government states that the interrogatories were served on defendant by certified mail: "Said interrogatories were received by said defendant on the 25th day of May, 1968, as is shown by the receipt for certified mail attached hereto and made a part hereof." The receipt shows only that the interrogatories were delivered to a Dianne Layland as an agent of defendant. No evidence of agency has been submitted. The issue for decision, therefore, is whether this service is sufficient and defendant should be compelled to answer.

Rule 5(b) of the Federal Rules of Civil Procedure provides that service upon a party "shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court." The rule then defines "delivery" and concludes: "Service by mail is complete upon mailing."

■■ Under this standard the government's affidavit of service appears sufficient. See O'Neill v. Blue Comet Cab Corp., 21 F.R.D. 161 (S.D.N.Y. 1953). A sufficient service, however, does not automatically require the court to issue an order compelling defendant to answer the interrogatories, or even require the court to convene a show cause hearing. The motion to compel is made pursuant to Rule 37, which does not purport to limit the court's discretion. Whether to make an order may therefore be regulated by equitable considerations. See Bon Air Hotel, Inc. v. Time, Inc., 376 F.2d 118 (5th Cir. 1967). Moreover, Rule 33, which authorizes the service of interrogatories, refers to Rule 30(b), the general provision governing protective orders. Among other things, Rule 30(b) permits a court, "upon motion * * * upon notice and for good cause shown," to "make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

■ Construing these rules, as I must, "to secure the just, speedy, and inexpensive determination of every action," Rule 1, I hold that in the present case, where defendants have defaulted, an order requiring interrogatories be answered will be issued only upon a showing that the interrogatories were served consistent with the requirements of Rule 4(c)–(d), or that the party served received actual notice of the interrogatories. Under this standard, the government's affidavit is insufficient. The motion is denied.

Because of this holding it is unnecessary to determine whether the motion should also be denied for failure by the government to comply with the general order entered in the Galveston Division of this Court on May 29, 1968.

Now, therefore, it is hereby ordered:

(1) That the motion to compel answers to interrogatories is denied; and

(2) That the Clerk will send copies of this memorandum and order and of the general order dated May 29, 1968, to both parties.