966

attorney had consented to allow plaintiff to be examined by a physician for and on behalf of the defendant, and the examination was so had. Under the circumstances the plaintiff is entitled to a copy of the report of the said physician's examination of the plaintiff.

Plaintiff's attorney could have refused the examination and compelled the defendant to apply to the Court under Rule 35(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for said examination. Instead, he allowed such examination to take place without compelling the defendant to go to Court to obtain it. In other words, plaintiff waived the rights which he had under Rule 35(a), but he does not waive his rights under the remainder of the rule, to wit, Rule 35(b) (1). Therefore, he is entitled to the copy of the physical examination so made for and on behalf of the defendant.

Alexander D. Diamond, of New York City, for plaintiff.

Cardozo & Nathan, of New York City, for defendants.

BONDY, District Judge.

The rules do not require that the notice specify the matters as to which the deposition is to be taken. Rule 30(a), 28 U.S.C.A. following section 723c; cf. N.Y. Civil Practice Act, § 290. A limitation of the scope of the examination should be sought pursuant to Rule 30(b) (d).

The fact that the defendants assert that they intend to interpose amended answers constitutes no reason for setting aside the notice given "after an answer has been served." See Rule 26 (a), 28 U.S.C.A. following section 723c.

The motion is in all respects denied.

## SAVIOLIS v. NATIONAL BANK OF GREECE et al.

District Court, S. D. New York.

Nov. 16, 1938.

## EQUITABLE PAPER BAG CO., Inc., v. JOHN WALDRON CORPORATION.

District Court, D. New Jersey.

Dec. 29, 1938.

Oscar W. Jeffery and George M. Dowe, both of New York City, for plaintiff.

Theodore S. Kenyon and Lewis O. Hutchinson, both of New York City, for defendant.

CLARK, District Judge.

The Court and the defendant have a different conception of the improvement