## BENNETT v. THE WESTOVER, Inc.

District Court, S. D. New York.
Dec. 13, 1938.

one day's notice, fixing a time and place for examination of L. J. Barney as a witness.

Samuel J. Joseph, of New York City (Charles Glatzer, of New York City, of counsel), for plaintiff.

James J. Mahoney, of New York City, for defendant.

MANDELBAUM, District Judge.

The defendant moves, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723 c, to vacate a "notice to take deposition" heretofore served on one L. J. Barney, a former employee of the defendant. The action is for damages for personal injuries claimed to have been sustained through the alleged negligence of the defendant, or its employees.

The grounds urged by the defendant in support of its motion are (1) that the "notice" is insufficient in law since it does not state with particularity upon what matters the examination is sought, (2) the "notice" is defective because the prospective witness is no longer in the employ of the defendant, and (3) the "notice" is ambiguous in the respect that it does not clearly appear whether the examination is directed to the defendant, The Westover, Inc., by L. J. Barney or to L. J. Barney as a witness.

The Federal Rules of Civil Procedure do not require that the "notice to take deposition" state the matters upon which the examination is sought. The only requirement is that the examination be limited to any matter that is relevant to the subject matter involved in the pending action and that such matter be not privileged. Rule 26(b). The plaintiff has indicated his desire to examine the witness on the issue of negligence and he is entitled under the new rules to do so. The first objection is therefore overruled.

The second and third objections are also overruled since the plaintiff affirmatively states that he desires to examine L. J. Barney as a witness and not the defendant, The Westover, Inc. This, too, is permissible under the new rules. The motion is accordingly denied. Settle order on