

did not have in their possession a stamp-affixed written order for said fire arm as required by Section 1132c, Title 26 U.S. C.A., and the regulations issued under the authority of said Act of Congress known as the National Firearms Act, 26 U.S. C.A. § 1132 et seq.

The defendants in due time filed a demurrer challenging the sufficiency of the facts stated in the indictment to constitute a crime and further challenging the sections under which said indictment was returned as being in contravention of the Second Amendment to the Constitution of the United States, U.S.C.A.

The indictment is based upon the Act of June 26, 1934, C. 757, Section 11, 48 Stat. 1239, 26 U.S.C.A. § 1132j. The court is of the opinion that this section is invalid in that it violates the Second Amendment to the Constitution of the United States, U.S.C.A., providing, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

The demurrer is accordingly sustained.

Abraham M. Fisch, of New York City, for plaintiff.

John P. Smith, of New York City, for defendant.

HULBERT, District Judge.

Plaintiff seeks to recover damages for personal injuries alleged to have been sustained in the removal, at a Railroad Terminal (Pier) in Jersey City, of bags of flour by a freight handling corporation from a freight car which defendant had loaded with the flour at Buffalo, New York, where it has its place of business.

Defendant served a notice to take the deposition of the plaintiff pursuant to Rule 26, subd. (b), 28 U.S.C.A. following section 723c, on all matters which are relevant to the subject matter involved in this action, including the identity and location of persons having knowledge of relevant facts.

The plaintiff moves to vacate or limit the oral examination to the end, at least, that the testimony taken shall be restricted to the manner of the happening of the accident complained of and shall not include the divulging of names or addresses of any of the witnesses thereto.

Under the new Federal Rules of Civil Procedure, examination may be had as to any non-privileged matter relevant to the issues. Bennett v. The Westover, Inc. (S.D.N.Y.) L 69—232. The court upon proper showing may limit the scope of the examination under Rule 30(b) (d). Saviolis v. National Bank of Greece, D.C., 25 F.Supp. 966. The power of the court to do so is discretionary. National Bond-

## STANKEWICZ v. PILLSBURY FLOUR MILLS CO.

District Court, S. D. New York.
Jan. 24, 1939.

holders Corp., et al. v. McClintic, 4 Cir., 99 F.2d 595.

■ Plaintiff has not presented any substantial reason warranting such action. If it should develop that the examination is being conducted in bad faith or in such a manner as to unreasonably annoy, harass or oppress the plaintiff, the court may act to protect the plaintiff, the taking of whose deposition shall be suspended for the time necessary to make an application for such an order. Motion denied. Settle order on two days' notice.

### BARKER et al. v. UNITED STATES.
### No. 42424.

Court of Claims.
April 3, 1939.

Norman Fischer, of Washington, D. C. (Meredith M. Daubin, of Washington, D. C., on the brief), for plaintiff.

J. H. Sheppard, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

Plaintiff instituted this suit to recover an alleged overpayment of income tax with interest for 1926 and 1927 in the amounts of $14,405.49 and $14,497.78, respectively, totaling $28,903.27. The basis of the suit is that the Wardman Mortgage & Discount Corporation, hereinafter referred to as the "Corporation," charged its customers, and accrued upon its books and reported as gross income on the accrual basis for each of the years 1926 and 1927, certain amounts as discounts charged on loans made, which discounts, it is alleged, were in reality additional interest in excess of the legal rate of 6 per centum provided in the laws of the District of Columbia. It is, therefore, contended that such amounts did not constitute taxable income.