## MADISON v. COBB.
### No. 39.

District Court, M. D. Pennsylvania.

Nov. 10, 1939.

Lawrence D. Bilcovitch, of Scranton, Pa., for plaintiff.

George Morrow, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

Complaint in the above action was filed December 21, 1938, and answer filed July 19, 1939. Pursuant to Rule 26(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for the District Courts of the United States, plaintiff requested depositions be taken before trial on September 25, 1939, at 10 o'clock A. M. at the offices of plaintiff's counsel in Scranton, Pennsylvania, proposing to examine Carl B. Cobb, Jr., defendant herein. Service of such notice was made upon defendant's counsel, George B. Morrow, Esq., but at the appointed time and place neither counsel for defendant nor defendant appeared for the purposes of taking said depositions. Thereafter a motion was filed by plaintiff under Rule 37(d), setting forth plaintiff's request that depositions be taken, notice thereof, acceptance of service by counsel for defendant, alleging the failure to appear for said deposition, and praying judgment for such failure. Defendant has filed answer to the motion for judgment.

Defendant objects to appearing and having his deposition taken because he feels no useful purpose would be served by such deposition, and because the notice of intent to take depositions does not state the scope of the proposed examination.

The Rules of Civil Procedure were promulgated for the purpose of expediting litigation and conserving the time of the courts, and at the same time securing to all parties the protection of rights and interests which law and justice require. While the procedure in some regards differs from that of some state courts, similar provisions have already had wide acceptance and approval in many jurisdictions. Rules of court must be so enforced as to give them vitality, making them valuable to both courts and litigants. by a reasonable interpretation.

In the present situation the plaintiff, after answer filed and without allowance of court, has a right to take the defendant's deposition on any relevant matter,

not privileged. Rule 26(a), (b). The notice of intention to take such depositions need not set forth the scope of the proposed examination. Rule 30(a); Bennett v. The Westover, Inc., D.C., 27 F.Supp. 10. Examination is not limited to the specific items set forth in Rule 26(b). Grauer v. Schenley Products Co., Inc., D. C., 26 F.Supp. 768; Laverett v. Continental Briar Pipe Co., Inc., D.C., 25 F.Supp. 80.

The above rules and decisions do not infringe any rights of the defendant. Rule 30(b) and (d) protects his interests. Under Rule 30(b) defendant can at any time after notice to take depositions is served, move the Court for good cause shown to limit the scope of the examination, or the time and manner of taking it. In this connection see Stankewicz v. Pillsbury Flour Mills Co., D.C., 26 F.Supp. 1003. Rule 30(d) provides that at any time during the examination any party or deponent may, upon a showing that the examination is being conducted in bad faith or in an unreasonable or oppressive manner, move the Court to stop the examination or limit the scope and manner thereof. In these provisions adequate safeguards are erected to prevent unjust use of plaintiff's right to take the defendant's depositions, and defendant should resort to these provisions if necessary to protect himself, rather than by arbitrarily refusing in the first instance to attend the examination.

It is therefore ordered and decreed that defendant shall upon five days' notice from plaintiff appear at a time and place set by plaintiff in accordance with the Rules of Civil Procedure for the taking of depositions, then and there to cooperate in the taking of his deposition, in default of which judgment shall be entered for plaintiff in the above cause.