**Murray ZIONTZ and Suzanne Ziontz, his wife**

v.

**FOOD FAIR STORES, INC.**

**Civ. A. No. 29223.**

United States District Court
E. D. Pennsylvania.

June 29, 1962.

See also 31 F.R.D. 295.

Herbert Monheit, Philadelphia, Pa., for plaintiff.

Manuel Sidkoff and Edward C. German, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

On March 9, 1962, defendant's present counsel, having first entered his appearance for defendant on February 14, 1962 (Document No. 18), filed the above Motion. On March 13, 1962, Chief Judge Clary entered an order (Document No. 24) directing, in part, as follows:

"* * * that defendant's motion to dismiss for lack of jurisdiction be placed on the next Argument List of the Honorable Francis L. Van Dusen, Judge of this Court, for disposition; that the question of the advisability of an early trial, limited solely to the question of jurisdiction, if necessary and feasible, be also determined by Judge Van Dusen at the same time."

On the same date, the undersigned granted defendant thirty days within which to take depositions in support of the Motion. On June 8, 1962, defendant's counsel filed and served Notice (Document No. 28) of taking the deposition of plaintiffs in support of this Motion on June 22. Counsel for plaintiffs took no action whatever in connection with this Notice until the above Motion was called for argument before the court on June 18. At that time, counsel for defendant frankly stated that he was not in a position to argue the above Motion until the depositions had been taken and counsel for plaintiffs (a) applied for a protective order, stating that it was inconvenient for his clients to have their deposition taken on June 22 due to their imminent departure from this jurisdiction, and (b) applied for an order denying the Motion. The application described in (a) above was denied, except to the extent that the wife-plaintiff was granted the privilege of appearing for her deposition on June 21 or early on June 22 (see Document No. 30), but the court has been notified that neither plaintiff appeared for a deposition on either June 21 or 22.

Although the undersigned indicated at the call of the argument list that plaintiffs were entitled to the denial of the Motion, without prejudice to defendant's right to renew it, in view of the delay of defendant in arranging for the depositions, the following language of the United States Court of Appeals for the Third Circuit in Berkowitz, Guardian of Kinch, v. Philadelphia Chewing Gum Corp., 3 Cir., 303 F.2d 585, has been called to the attention of the undersigned, indicating that it is the court's affirmative duty to explore the question of jurisdiction whenever it is raised by either counsel, so that the Motion should not be denied, even without prejudice, at this time:

"In any event the court below must determine whether or not there is diversity jurisdiction. We cannot do so on the present record. Jurisdictional questions should be determined as early as possible in a litigation. Underwood v. Maloney, 256 F.2d 334, 340 (3 Cir.), cert. denied, 358 U.S. 864, 79 S.Ct. 93, 3 L.Ed.2d 97 (1958)." [1]

In view of the above language of the United States Court of Appeals for the Third Circuit, the following order is being entered, directing the parties to complete the record for purposes of arguing the above Motion within sixty days:

### ORDER

AND NOW, June 29, 1962, IT IS ORDERED that counsel shall make a matter of record in this case, within sixty (60) days of this date, all depositions, affidavits, and similar matters necessary for determination of defendant's Motion To Dismiss For Want of Jurisdiction (Document No. 20), and argument shall be presented on this Motion at the September argument list of the undersigned.

---

1. In Underwood v. Maloney, supra, the court said at page 340:
"It must be borne in mind that the issue of jurisdiction is always open and should be determined *in limine* by a trial court. Mitchell v. Maurer, 1934, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338; Mansfield, C. & L. M. Ry. Co. v. Swan, 1884, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462. It is desirable that jurisdictional questions be determined promptly to the end that long and costly trials may be avoided or restricted to the pertinent and material issues."