**Murray ZIONTZ and Suzanne Ziontz, his wife**

v.

**FOOD FAIR STORES, INC.**

**Civ. A. No. 29223.**

United States District Court
E. D. Pennsylvania.

Sept. 4, 1962.

Herbert Monheit, Philadelphia, Pa., for plaintiffs.

Edward C. German, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

The importance of determining the question of the court's jurisdiction promptly once it is raised and the history of this case pertaining to the issue of jurisdiction subsequent to the filing of the Motion To Dismiss For Want of Jurisdiction (Document No. 20) are covered in the Memorandum of June 29, 1962, D.C., 31 F.R.D. 567 (Document No. 33). The authorities cited in the attached brief of defendant and this record make clear that defendant is entitled to a dismissal of this action under F.R.Civ. P. 37(d), since there has been a "conscious and intentional failure"[1] of plaintiffs to appear for the taking of their depositions. See, particularly, such cases as Bourne, Inc. v. Romero, 23 F.R. D. 292, 294–295 (D.La.1959); cf. Madison v. Cobb, 29 F.Supp. 881 (M.D.Pa. 1939).

---

1. See Brookdale Mill v. Rowley, 218 F.2d 728, 729 (6th Cir., 1954).

The following facts, among others, in this record justify this conclusion:

A. On March 13, 1962, an order (Document No. 20) was entered granting the defendant thirty days within which to take depositions in support of its Motion to Dismiss for Want of Jurisdiction (Document No. 20).

B. On March 30, 1962, plaintiffs' attorney filed notice that their depositions would be taken on April 12, 1962 (Document No. 27). Subsequently, plaintiffs were granted permission to delay submitting themselves for their deposition until the end of May 1962 (see letter of May 1, 1962, attached to backer of Document No. 27).

C. Subsequently, plaintiffs' counsel decided not to take the depositions of his clients on the question of jurisdiction of the court and defendant's counsel filed a notice that he would take their depositions on June 22, 1962 (Document No. 28).

D. On June 18, 1962, plaintiffs' counsel for the first time applied for a protective order directing that plaintiff's depositions need not be taken at this time. Because plaintiffs' counsel conceded that plaintiffs were going to move to Connecticut and thence to Texas at the end of June, the court ruled that they must appear for their depositions on Friday, June 22, but gave the wife-plaintiff the option of appearing on the afternoon of June 21. On June 20, 1962, plaintiffs' counsel filed a written Motion For A Protective Order (Document No. 29), asking that plaintiffs not be required to appear for their depositions on June 22, 1962. After reconsidering the matter, the court entered an order on June 20, 1962, denying the above Motion filed that date and making clear that the wife-plaintiff could appear on either June 21 or June 22 (Document No. 30).

E. The plaintiffs "consciously and intentionally" failed to appear for their depositions on June 21 and June 22, apparently because it was inconvenient for them to appear for their depositions before going to Texas (see Document No. 33, being Memorandum filed June 29, 1962).

F. On June 29, 1962, the court filed an order directing that "counsel shall make a matter of record in this case, within sixty (60) days of this date, all depositions, affidavits and similar matters necessary for determination of defendant's Motion To Dismiss For Want of Jurisdiction (Document No. 20) and argument shall be presented on this Motion at the September argument list" (Document No. 33).

G. On July 2, 1962, defendant filed this Motion For Dismissal under F.R. Civ.P. 37(d) (Document No. 34) and argument was presented on this Motion on July 13, 1962. At that time, plaintiffs' counsel conceded that plaintiffs had gone to Texas and would not, in all probability, return to this area before the late fall of 1962 or the winter of 1963. The undersigned stated that he would not rule on this Motion until the 60-day period from June 29 had expired in order to give plaintiffs the opportunity to appear for their depositions within that period and add other appropriate material to the record.

H. On August 27, 1962, counsel for plaintiffs filed an unverified Answer to Motion to Dismiss for Want of Jurisdiction (Document No. 35), which takes the position that plaintiffs were, on February 10, 1961, when this suit was instituted, and are, citizens of Connecticut. This Answer does not admit or specifically deny such allegations in the Motion as "that the husband plaintiff has declared himself a citizen of the Commonwealth of Pennsylvania in registering with the Philadelphia Dental Society, the American Dental Association, and the Commonwealth of Pennsylvania Bureau of Professional Licensing." Defendant is entitled to take the depositions of plaintiffs in support of such allegations.

The statement that plaintiffs have a case in the state courts which will probably be reached in the late fall of 1962

or winter of 1963, and will return to this jurisdiction when the case is reached for trial, is not a sufficient ground for further delay in ruling on this Motion. The court will grant the Motion to Dismiss, without prejudice to the right of plaintiffs to apply for reinstatement of the action within six months upon proof of good cause for their failure to appear for their depositions on June 21 or 22, 1962, and of their cooperation, and intention in the future to cooperate, with the court in complying with its rules and procedures.