## SOCIETY OF INDEPENDENT MOTION PICTURE PRODUCERS et al. v. UNITED DETROIT THEATRES CORPORATION et al.

No. 7589.

United States District Court
E. D. Michigan, S. D.
Nov. 17, 1948.

---

Crawford, Sweeny & Dodd, of Detroit, Mich., for plaintiffs.

William Henry Gallagher, of Detroit, Mich., for defendant, Cooperative Theatres of Michigan, Inc.

James E. Haggerty, of Detroit, Mich., for defendant, Earl J. Hudson.

David Newman, of Detroit, Mich., for defendant, James F. Sharkey.

Rockwell T. Gust, of Detroit, Mich., for United Detroit Theatres Corporation.

KOSCINSKI, District Judge.

A complaint was filed against the defendants under Sections 15 and 26 of Title 15, U.S.C.A. being part of the Act of Congress of July 2, 1890, entitled: "An Act to protect trade and commerce against unlawful restraints and monopolies", as amended, commonly known as the Sherman Act and the Clayton Act, for damages and injunction.

Time for filing answers was by stipulation extended by counsel and within that time defendants, United Theatres Corporation and Earl J. Hudson, filed identical notices to take depositions of the following officers or managing agents of plaintiffs or their assignors, whose respective addresses are set forth after their names: Marvin L. Faris, 357 N. Canon Dr., Beverly Hills, Cal.; Samuel Goldwyn, 1041 N. Formosa Ave., Los Angeles, 46, Cal.; Walt Disney, 2400 W. Alameda Ave., Burbank, Cal.; David O. Selznick, 9336 Washington Blvd., Culver City, Cal.; Walter Wanger, 7324 Santa Monica Blvd., Hollywood 46, Cal.; Seymour Nebenzal, 1041 N. Formosa St., Hollywood 46, Cal.; Edward Small, 846 N. Cahuenga, Hollywood 38, Cal.; Benedict Bogeaus, 1040 N. Las Palmas Ave., Hollywood 38, Cal.; Hunt Stromberg, 1040 N. Las Palmas Ave., Hollywood 38, Cal., and William Cagney, 1040 N. Las Palmas Ave., Hollywood 38, Cal.

The place at which depositions are to be taken is 733 Majestic Building, City of Detroit, County of Wayne and State of Michigan. Six of the above named persons were requested to produce documents and records listed under their respective names.

Plaintiffs filed timely motions to vacate notice for taking depositions; that depositions be taken on written interrogatories,

or, in the alternative, that depositions be taken in Los Angeles, California; and that the notice be quashed insofar as it purports to compel the production of documents. This motion is based o n t h e grounds (1) that the witnesses reside at or near Hollywood and Los Angeles, California, approximately 2,000 miles from the City of Detroit; that the corporations with which they are connected have their principal offices and place of business in the County of Los Angeles, California; (2) that the matters concerning which the witnesses will be examined are believed to relate to assignment of claims and can be inquired into effectively by written interrogatories, as evidenced by documents demanded in the notices of taking depositions; (3) that the taking of depositions in Detroit, Michigan, would be unduly oppressive to plaintiffs in the conduct of their business and will cause excessive hardship and great inconvenience to the persons designated in the notices; (4) that Paramount Pictures, Inc., the parent organization of defendant, United Detroit Theatres Corporation, has its place of business in Los Angeles, California, and retained legal counsel there.

Supporting affidavits were filed by each side. Following oral arguments in open court, counsel filed supplemental affidavits and briefs.

Plaintiffs' objections are filed under Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Ordinarily, depositions of corporation executives and officers should be taken at the principal place of business of the corporation. This rule, however, is no more inflexible than is the rule that depositions of plaintiffs choosing a certain forum should be taken there. In this case ten witnesses who are residents of California will be required to travel 2,000 miles to Detroit for a relatively short stay for any one of them, or, defendants' counsel would be obliged to travel 2,000 miles from Detroit to Los Angeles for a more or less extended stay, during the taking of the depositions of all ten witnesses required, and be denied the benefit of material and relevant records which are in Detroit, during the taking of the depositions in California.

Each situation must be examined and decided in the light of its own peculiar facts and circumstances.

It is represented by defendants, and not seriously denied by plaintiffs, that proposed deponents make frequent trips from California to New York and either pass through or are near Detroit on such trips. On the part of the plaintiffs it is contended that proposed deponents have little knowledge of the business transactions or contracts entered into for the distribution of motion-picture films, and that their activities are confined largely to directing and to artistic features of motion-picture production industry; that their presence is required in Hollywood for the next several weeks or months because motion pictures are being produced and the production of pictures cannot proceed without them. It is claimed by the defendants, on the other hand, that the proposed deponents are the principal officers of the plaintiff corporations who dominate and control the actions and policies of plaintiff corporations and their assignors herein, and that, furthermore, they are the persons who actually make or pass upon and finally control all decisions regarding licensing of their feature pictures for exhibition in the Detroit area and elsewhere; that, also, in noticing the depositions to be taken at Detroit defendants had subpoenas issued for certain material and relevant records in possession of various members of the motion-picture industry at Detroit, and that these records must necessarily be referred to and be used at the time of taking the depositions here in Detroit; that, furthermore, if the depositions were taken at Los Angeles defendants' counsel would not have the benefit of these exhibits and information therein contained during the taking of these depositions.

The locale of the alleged unlawful practices is the Detroit area. Plaintiffs allege that defendant United Detroit Theatres Corporation is an exhibitor of motion pictures in the Detroit area and owns and controls four of seven first-run theatres and twelve of the most important neighborhood theatres in that area. Defendant Earl J. Hudson is the manager of the "United" and supervises and controls its

operation. It is further alleged by plaintiffs that defendant Cooperative Theatres of Michigan, Inc., is a Michigan corporation engaged in the business of negotiating for the licensing and booking of motion pictures in theatres operating principally in the Detroit area. It is owned by theatre-owning member stockholders; it is also alleged that defendant James F. Sharkey is the general manager of the "Cooperative" and is in charge of and controls the operation thereof and supervises the services rendered by "Cooperative" to its member stockholders.

Plaintiffs further allege that the remaining forty defendants are either corporations or partnerships, whose names are not known to plaintiffs at this time, and all forty of such defendants are named only as "Doe" defendants and numbered from one to forty.

After describing in detail the alleged unlawful practices of defendants, the plaintiffs ask for a decree adjudging that defendants have combined and conspired to restrain unreasonably and have conspired to monopolize, attempted to monopolize and have monopolized the interstate trade and commerce in the licensing, supply, and exhibition of motion pictures, in violation of Sections 1 and 2 of the Sherman Act; that membership contracts of "Cooperative" be adjudged illegal per se, and that "Cooperative" be dissolved; that a receiver be appointed for "United", and that all theatres owned, operated or controlled by it be sold; further, that an injunction issue prohibiting the alleged unlawful practices, and that treble damages be awarded to plaintiffs in the aggregate of $8,750,000.

Prior to being served with the motion to vacate the notice of taking depositions defendants' counsel caused subpoenas to be issued directed to the Detroit offices of R K O Radio Pictures, Inc., Universal Film Exchanges, Inc., United Artists Corporation, and Eagle Lion Films, Inc., represented as being the agents and distributors of motion pictures produced by plaintiffs, to produce at the time and place of taking of said depositions in Detroit the documentary evidence in their possession relating to the licensing for exhibition in the Detroit area.

No problem of advancing traveling costs to proposed deponents is involved in this proceeding.

■ Plaintiffs' first request is that the notice of taking depositions be vacated. This request must be denied in view of the provisions of Rule 26(a) of Federal Rules of Civil Procedure which authorizes either party to take depositions without leave of court if the notice to take the depositions is served more than twenty days following the commencement of the action. The notice in this case was served thirty-six days after filing of the complaint.

■ Plaintiffs' second request is that the depositions be taken by interrogatories. Because of the complexity and ramifications even now foreseeable in this case, it is the considered judgment of this court that interrogatories will not serve the defendants' purposes adequately. The defendants not only vigorously deny plaintiffs' suggestion that the scope of oral deposition will apparently be restricted to information contained in the assignments of contracts to plaintiffs, but charge that the proposed deponents are the dominant and controlling force in each of the plaintiff corporations and that they set the policies of the motion-picture distribution and licensing. Whether this be so or not, defendants ought to have their choice of the method to be used by them in obtaining such information as will be necessary in filing answers to the plaintiffs' complaint, and to definitely determine the issues foreshadowed by the complaint.

■ The alternative to plaintiffs' second request is that the place of the taking of depositions be changed from Detroit to Los Angeles. Counsel for both sides have filed exhaustive briefs on this issue. It is interesting to note that both sides quote from the same decisions to buttress their respective contentions as to place of taking the depositions. Plaintiffs' serious objection to the taking of the depositions in Detroit is the representation that the proposed deponents are engaged in production of certain moving pictures at this time and that they are unable to come to Detroit without disrupting such work to the great loss and damages of their respective or-

ganizations. This, however, can be obviated by deferring the taking of each proposed deponent's testimony by deposition until such time as each of them in turn completes the production or directing of the motion pictures now in process of being directed or produced by any proposed deponent so engaged. And, as it is not denied that most, if not all, of the proferred deponents travel to and from New York from time to time, no unusual hardship will be imposed on them by requesting their presence in Detroit for the taking of their testimony. Their agents for licensing and exhibiting their productions in the Detroit area are in Detroit with all their local records. Defendants should have the benefit of referring to these records while taking the proposed deponent's depositions in Detroit. Therefore motion to transfer the taking of depositions from Detroit to Los Angeles will be denied.

The depositions will be taken in Detroit, as requested by defendants. Counsel may arrange the time to suit the convenience of each individual proposed deponent. In general, proposed deponents should be given a reasonable time to complete the production of the motion pictures, the making of which they are now actively engaged in, including cutting, retaking, and such other necessary work in readying the motion picture for public exhibition. Should counsel be unable to agree, the court will fix the time upon application and notice to opposing counsel.

■ There is one remaining problem to be resolved. Plaintiffs seek to quash the notice insofar as it purports to compel some of the proposed deponents to produce certain described documents. It is contended by plaintiffs that this can be accomplished by subpoenas duces tecum, subject to provisions of Rule 45(d). The proposed deponents have already submitted themselves to the jurisdiction and process of this court. Under the provisions of Rules 30(a) and 45(d)(2) the court has authority to fix the place at which the order of the court is to be complied with, regardless of their residence. No claim is made by plaintiffs that the desired documents do not contain evidence material to the issues in this case. Clearly, the defendants have the undoubted right to have the described documents produced for their examination under Rule 30(a). Accordingly, defendants' notice to take depositions and to produce the documents described, will be treated as a motion to produce the documents requested, and as such it is granted.

Plaintiffs' motion to quash the notice for production of the documents at the time of taking the depositions is denied.

■ Proposed deponent Nebenzal is not a party to this suit. It has not been made apparent to the court that he is either an officer or a managing agent of any of the plaintiffs. The notice to take his deposition and produce documents will be vacated, without prejudice to a showing at any later time that he is an officer, director, or is acting in a managerial capacity of any of the plaintiff corporations.

An order, not inconsistent with this opinion, may be presented.