ELLIS AIR LINES, a corporation organized and existing under and by virtue of the Laws of the United States territory of Alaska, Plaintiff,

v.

BELLANCA AIRCRAFT CORPORATION, a corporation organized and existing under and by virtue of the Laws of the State of Delaware, Defendant.

Civ. A. No. 1454.

United States District Court
D. Delaware.
April 27, 1955.

Albert L. Simon and Stephen E. Hamilton, Jr., Wilmington, Del., for plaintiff.

John Van Brunt, Jr., and Clyde M. England, Jr., Killoran & Van Brunt, Wilmington, Del., for defendant.

RODNEY, District Judge.

In this case the plaintiff, a corporation of the Territory of Alaska brought suit against the defendant, a corporation of the State of Delaware. The suit then is based on diversity of citizenship.

The complaint generally alleges that the plaintiff loaned to the defendant a Seaplane under certain agreed conditions of liability; that a pilot of defendant came to Alaska and received the plane for the purpose of flying it to the plant of the defendant at New Castle, Delaware; that he duly received the plane and that on said flight to Delaware the plane was completely destroyed.

The present questions arise from a notice of the defendant to take the deposition of the President of the plaintiff corporation who lives, and is at present, in Alaska, the deposition being noticed to be taken at Wilmington, Delaware.

Objection is made under Fed.Rule Civ. Proc. Rule 30(b), 28 U.S.C., on the ground that to make the witness come from Alaska to Delaware for the taking of the deposition would be a great hardship and unduly expensive and oppressive. The plaintiff has informed the Court that, at the present time, it is not expected that the particular witness will be needed at the trial, any evidence to be given by him having been provided by documentary material already furnished the defendant by the plaintiff.

It is conceded that under ordinary circumstances a defendant is entitled to take the deposition of the plaintiff or of a corporate officer of the plaintiff and that protective orders under Rule 30(b) limiting or circumscribing the taking of such depositions are addressed to the sound legal discretion of the Court to be determined by the particular facts of the matter in controversy.

There is a principle that a plaintiff having selected a particular forum for the adjudication of his case should be prepared to answer a notice of deposition in that locality. This principle loses some weight where the plaintiff has no choice of forum but, as here, the plaintiff must bring his suit in one particular jurisdiction or not at all. Even where the plaintiff has a choice of forum, where several exist, the circumstances may prevent the application of the prin-

ciple. So in Sullivan v. Southern Pacific Co., D.C., 7 F.R.D. 206 an accident happened in Arizona. An action under Federal Employers' Liability Act, 45 U.S.C. A. § 51 et seq., could have been brought in any one of several places. The plaintiff, a resident of Minnesota, brought suit in New York. Depositions directed to the plaintiff were noticed to be taken in New York. Under the circumstances of the case and the plaintiff's physical condition, the deposition was required to be taken in Minnesota.[1]

Upon the assumption that the witness in question will not be called at the trial by the plaintiff, it seems an act of annoyance and oppression to compel the witness to come from Alaska to Delaware for a few minutes examination by deposition. The case is set for trial on May 31, 1955 and ample time exists for depositions to be taken in Alaska or for the offer by defendant to pay the expenses of the witness for his trip to Delaware for the deposition. These were two of the alternatives offered under somewhat similar circumstances in Boone v. Wynne, D.C., 7 F.R.D. 22. Another alternative, viz., written interrogatories existed in the Boone case and is here present.

The defendant may have ten days to determine whether it will adopt any of the three alternatives hereinbefore mentioned and if none is adopted an order may be entered that the deposition be not taken. The above is predicated upon the assumption that the proposed witness will not make the trip in order to be present at the trial. If the witness is to be present at the trial, such fact must be disclosed to counsel for the defendant ten days before trial and an opportunity given to take the deposition in Delaware at least three days before trial.

An appropriate order may be submitted.

1. The plaintiff has cited 4 Moore's Fed. Prac. (2nd Ed.) Sec. 30.07; 2 Barron & Holtzoff Fed.Pr. & Procedure, Sec. 713; Societe Internationale Pour Par. Ind., etc., v. Clark, D.C., 8 F.R.D. 565; Jones v. Pennsylvania Greyhound Lines, Inc., D.C., 10 F.R.D. 153; Stevens v. Minder Construction Corp., D.C., 3 F.R.D. 498. The defendant cites Society of Independent Motion Picture Producers v. United Detroit Th. Corp., D.C., 8 F.R.D. 453; Producers Releasing Corp. De Cuba v. P. R. C. Pictures, D.C., 8 F.R.D. 254; Anthony v. R. K. O. Radio Pictures, Inc., D.C., 8 F.R.D. 422; Fruit Growers Co-Op. v. California Pie & Baking Co., D.C., 3 F.R.D. 206; Bernstein v. N. V. Nederlandsche-Amerikaansche, etc., D.C., 15 F.R.D. 37; Sullivan v. Southern Pac. Co., D.C., 7 F.R.D. 206. All of the cases lead to the conclusion that no fixed general rule can be established but that the matter is to be determined in the sound legal discretion of the Court upon the particular facts there pending.