Edward P. **KOVALSKY** and Cecelia C. Kovalsky, Plaintiffs,

v.

**AVIS RENT–A–CAR, INC.**, Avis of Puerto Rico Rent-A-Car, Inc., Miguel Mocoroa, Liberty Mutual Insurance Company, Manuel Peña, Guillermo Bermudez, Bermudez Real Estate, and Hartford Accident and Indemnity Company, Defendants.

No. Civ. 86–69.

United States District Court
D. Puerto Rico.

Dec. 2, 1969.

Harvey B Nachman, San Juan, P. R., for plaintiffs.

Ramon H. Vargas, Pedro E. Purcell-Ruiz, San Juan, P. R., for defendants.

## ORDER

CANCIO, Chief Judge.

The defendants, Avis Rent-A-Car, Inc., and Liberty Mutual Insurance Company, noticed the taking of the deposition of one of the plaintiffs, Cecelia C. Kovalsky, in San Juan, Puerto Rico. The plaintiff promptly moved for a protective order under Rule 30(b) of the Federal Rules of Civil Procedure, requesting that the deposition be taken in Newark, New Jersey, but that if the defendants insisted in that it be taken in San Juan, Puerto Rico, then the deposition should be postponed until ten (10) days prior to trial, to avoid needless expense and hardship to plaintiff. The motion came on for argument on October 31, 1969, and all parties were represented by their respective counsel.

All parties concede that the Court has wide discretion in selecting the place of deposition and in attaching conditions concerning the payment of expenses under Rule 30(b). The defendants rely principally upon the following statement in 2A Barron & Holtzoff 713, pp. 212–213, in opposing the motion:

> As a normal rule, plaintiff will be required to make himself available for examination in the district in which he has brought suit. Since he has selected the forum, he will not be heard to complain about having to appear there for a deposition.

On the other hand, plaintiff contends that she did not choose the forum and this proposition should not apply to her. She claims that as a personal injury victim, she had to bring her action where she could obtain jurisdiction over the defendants, and that this is almost always where the accident occurred. Moreover, she states that, even though the accident occurred in Puerto Rico, she would rather have brought a direct action against the insurers in New Jersey,

but that this remedy has been foreclosed by the amendments to the Puerto Rican Direct Action Statute, 26 L.P.R.A. §§ 2001–2004.

After argument, the defendant Avis Rent-A-Car, Inc., filed a document controverting plaintiffs' claim that they had no choice of forum. It was alleged that the defendant Avis Rent-A-Car, Inc. was always amenable to service in the State of New Jersey. The plaintiffs replied. It is obvious that the owners of the property could only be sued in the Commonwealth of Puerto Rico. The franchisee of Avis Rent-A-Car, Inc. could only sue in Puerto Rico. The insurance companies could only be sued in Puerto Rico. The Court finds that even if Avis Rent-A-Car, Inc. were amenable to service in the State of New Jersey, that would not, under the facts as alleged in the complaint, have given the plaintiffs a choice of forum. There are eight named defendants and at this stage of the pleadings the only non-indispensable party appears to be Avis Rent-A-Car, Inc.

Although the case for hardship is not as precisely drawn as it might have been, it is apparent that it is both an economic hardship and an extreme inconvenience for this personal injury victim to leave her employment and travel here for the taking of depositions when the insurance company defendants who have offices in the city of her residence could just as readily take the deposition there. The plaintiff, in fact, had no choice of forum and had to bring her action in Puerto Rico, or not at all.

The same authority cited by the defendants covers this point succinctly, by stating:

> And where plaintiff had no choice of forum to begin with, there seems very little reason to give weight to his selection of the forum as against facts indicating that another place for taking the deposition would be more just. 2A Barron & Holtzoff, 713 p. 215. See also, Ellis Air Lines v. Bellanca

Aircraft Corp., D.Del.1955, 17 F.R.D. 395; Patrnogic v. United States Steel Corporation, S.D.N.Y.1967, 43 F.R.D. 402.

After due deliberation having been had, it is now ordered that the plaintiff's motion for a protective order be, and hereby is, granted; and it is further ordered that at defendants' option, the deposition of plaintiff may be taken at any time in Newark, New Jersey; or, within ten (10) days of trial, if taken in San Juan, Puerto Rico.