Albert GAGNE, Plaintiff,

v.

Michael REDDY, et al., Defendants.

Civ. A. No. 82–1450–Z.

United States District Court,
D. Massachusetts.

Dec. 6, 1984.

Thomas Hannigan, Boston, Mass., for plaintiff.

Asst. Atty. Gen., of the Commonwealth of Massachusetts, Francis Chase, Boston, Mass., for defendants.

ORDER ON DEFENDANTS' MOTION
TO COMPEL ANSWERS TO
CERTAIN DEPOSITION QUESTIONS

JOYCE LONDON ALEXANDER, United States Magistrate.

A hearing was held on the above-entitled motion.

Defendants seek an order to compel plaintiff to answer several deposition questions which plaintiff, upon advice of his counsel, has refused to answer. Plaintiff opposes the motion.

The present motion arises from an action filed by plaintiff which alleges, *inter alia,* that plaintiff was unjustifiably assaulted and beaten by the defendants on two separate occasions. Plaintiff brings his action pursuant to 42 U.S.C. § 1983.[1]

Plaintiff is a civilly committed patient in the custody of the Massachusetts Department of Mental Health; at the time of the alleged assaults, he was interned at the Massachusetts Treatment Center at Bridgewater, Massachusetts.

Defendants, who were stationed at the Bridgewater facility at the time of the alleged assaults, are all correctional officers in the employ of the Massachusetts Department of Corrections.[2]

Defendants contend that plaintiff must answer the questions, which were posed to him at a deposition on August 16, 1984, concerning his disciplinary record at Bridgewater. Moreover, defendants contend that: 1) the questions are relevant; 2) the questions could lead to admissible evidence; and 3) the questions are germane to a possible "good faith" defense. Therefore, pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, defendants assert that the plaintiff cannot refuse to answer the questions.[3]

Plaintiff, conversely, contends that: 1) the questions have no relevance whatsoever to the present civil rights action; 2) the questions will not lead to any admissible evidence; 3) the questions will not provide defendants with any information germane to defendants' "good faith" defense; and 4) defendants already have in their possession documents which fully describe and explain plaintiff's disciplinary record.

---

1. The statute provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

2. In his amended complaint, plaintiff also named three supervisory officials as parties defendant. However, pursuant to a Stipulation of Dismissal filed November 16, 1984, the parties agreed to dismiss the three supervisory officials from the suit. Thus, the correctional officers only remain as defendants.

3. The rule provides in pertinent part:

(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of any books, documents, or other tangible things and the identity and location of person having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appear reasonably calculated to lead to the discovery of admissible evidence.

The frequency or extent of use of the discovery methods set forth in subdivision (a) shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. The court may act upon its own initiative after reasonable notice or pursuant to a motion under subdivision (c).

Fed.R.Civ.P. 26(b)(1).

■■■ For the Court to allow the defendants' motion, it must be shown that the information sought by the defendants "is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). For purposes of Rule 26(b)(1), the term relevant "is not to be equated with 'relevant' as ordinarily used in determining admissibility of evidence upon a trial." *Foremost Promotions v. Pabst Brewing Co.*, 15 F.R.D. 128, 129 (N.D.Ill.1953) (quoting *Kaiser-Frazer Corp. v. Otis Co.*, 11 F.R.D. 50, 53 (S.D.N.Y.1951)); *accord, Enger-Kress Company v. Amity Leather Products Co.*, 18 F.R.D. 347, 349 (E.D.Wis.1955). By the same token, [r]elevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 138 (W.D.Okla.1977) (citations omitted) (emphasis added). Thus, "[d]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *Miller*, 76 F.R.D. at 139 (citations omitted).[4]

■■■ Even under the most expansive view of relevancy within the meaning of Rule 26(b)(1), this Court cannot see the bearing upon the subject matter of the sought after information. Defendants attempt to provide the link by asserting that the information will aid in the formulation of the defendants' good faith defense. The Court is unpersuaded by this argument.[5]

Defendants claim that due to the ongoing nature of the relationship between correction officers and inmates, it is necessary to question plaintiff about his disciplinary record. If the plaintiff provides a description of his record that indicates he was a source of trouble, then the defendants could demonstrate that their actions were reasonable and done in good faith, the defendants assert.

However, the defendants' contentions fail for two reasons. First, "as a matter either of law or of logic," *Kartell v. Blue Shield of Massachusetts*, 749 F.2d 922 at 927 (1st Cir.1984), if the defendants are asserting that the crucial operative fact of their actions is the knowledge of the plaintiff's record *at the time of the incidents*, the knowledge that plaintiff possesses of his own record is irrelevant. Clearly defendants cannot establish their state of mind or their level of knowledge at the time of the incidents by the questioning of the plaintiff.[6] Therefore, to question the plaintiff in an attempt to establish the knowledge of the defendants is not relevant to the subject matter of the pending action nor is it likely to lead to discovery of admissible evidence.

■■■ Second, the state of mind or the subjective intentions of the defendants are irrelevant to a determination of the defendants' good faith. The good faith defense "turn[s] primarily on objective factors." *Harlow v. Fitzgerald*, 457 U.S. 800, 819, 102 S.Ct. 2727, 2739, 73 L.Ed.2d 396 (1982). "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages *insofar as*

---

4. At this juncture, the Court notes that "[a] general allegation of relevancy is not sufficient to overcome specific objections by an adverse party." *Home Insurance Co. v. Ballenger Corp.*, 74 F.R.D. 93, 101 (N.D.Ga.1977). Therefore, the defendants' first ground for allowing the motion to compel must fail. Clearly, plaintiff has made a specific objection; and just as clearly, defendants' first ground is a general allegation of relevancy.

5. The Court is not making any comment on the merits of the defendants' good faith defense in its ruling today. The Court is merely holding

that the defendants' good faith defense has no bearing on the issue of compelling answers to the deposition questions.

6. The Court notes that the plaintiff's contention that since the defendants have records in their possession which fully describe and record plaintiff's disciplinary history, the defendants cannot question plaintiff about that history, is rejected. [D]efendant[s'] counsel is entitled to examine plaintiff[ ] ... even though defendant[s] ha[ve] already seen the documents in question." *Brause v. Travelers Fire Insurance Company*, 19 F.R.D. 231, 233 (S.D.N.Y.1956).

their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738 (emphasis added). For an official to be shrouded in the cloak of immunity, all that ·is required is that the official could not reasonably be expected to be aware of a constitutional right as established by law. *See Procunier v. Navarette*, 434 U.S. 555, 565, 98 S.Ct. 855, 861, 55 L.Ed.2d 24 (1978). But "[w]here an official could be expected to know that certain conduct would violate statutory or constitutional rights," the good faith defense will not be available. *Harlow*, 457 U.S. at 819, 102 S.Ct. at 2739.

Even at the time of the incidents which gave rise to this action, it was well settled that inmates could not be beaten. *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984) (citing cases which establish the right not to be beaten). This is a clearly established constitutional right that the defendants reasonably should have been aware. Thus, the question becomes what justified the defendants alleged actions *at the time* of the incidents that would give rise to a good faith defense. *A fortiori*, plaintiff's answers to the deposition questions have no bearing on this issue at all.[7]

"[T]hough the scope of discovery is broad, it is not unlimited ... [t]he basic positive touchstone is relevance, including the reasonable possibility that the information sought would lead to admissible evidence.... In the instant case [defendants] ha[ve] failed to specify in [their] Motion to Compel how the information requested ... would be relevant to the issues involved in this lawsuit." *Miller*, 76 F.R.D. at 139 (citations omitted).

Accordingly, for the reasons stated above, this Court hereby DENIES defendants' motion.

SO ORDERED.

---

7. Again the Court emphatically states that it is not suggesting how the merits of defendants'

good faith defense should ultimately be decided. *See* fn. 5 *supra*.