SONITROL DISTRIBUTING
CORPORATION, Plaintiff,

v.

SECURITY CONTROLS, INC., d/b/a
Sonitrol Security Systems,
Defendant.

Civ. No. 86–CV–70842–DT.

United States District Court,
E.D. Michigan, S.D.

Dec. 11, 1986.

Philip Tannian, Detroit, Mich., for plaintiff.

Morton Gottesman, Southfield, Mich., for defendant.

## ORDER

COHN, District Judge.

This is a diversity contract action involving a claim of failure to pay royalties and failure to pay for goods and services provided. What began as a simple collection case is now expanding exponentially by aggressive lawyering on both sides. Defendant filed a counterclaim for breach of two provisions of its contract with plaintiff and for delivery of defective goods. It now moves to file an amended counterclaim for tortious interference with a contract and existing business relationship and also a restraint of trade in violation of the Sherman Act. Plaintiff now seeks to file a second amended complaint to add new claims for breach of agreement, breach of contract, account stated, and additional damages accrued. It is fast becoming difficult to ascertain who is the aggressor and who is the aggrieved party. It is already clear, however, that it will take active involvement by the Court to prevent a rolling snowball from turning into an avalanche.

### I.

#### A.

Plaintiff and its officers are located in Virginia and Florida; defendant is located in Michigan. Defendant has noticed depositions of plaintiff's officers to be taken in the office of defendant's attorney, in Michigan. Plaintiff moves for a protective order, Fed.R.Civ.P. 26(c)(2), which would prevent the officers from having to travel to Michigan and bring documents with them. The grounds given are inconvenience and expense.

■ Defendant is entitled to depose plaintiff's officers in Michigan, the forum state. While it is true that a corporate officer should ordinarily be deposed at the principal place of business, 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2112, at 410 & n. 93, this is not a hard and fast rule. *See Society of Indep. Motion Picture Producers v. United Detroit*

*Theatres Corp.*, 8 F.R.D. 453, 455 (E.D. Mich.1948) (requiring depositions of officers of plaintiff corporations to be taken in forum state, although providing that "the time ... suit the convenience of each individual proposed deponent"). "Corporate [parties] are frequently deposed in places other than the location of the principal place of business, especially in the forum, for the convenience of all parties and in the general interests of judicial economy." *Sugarhill Records Ltd. v. Motown Records Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y.1985). Plaintiff's motion is, therefore, DENIED.

#### B.

It is not enough, however, simply to deny plaintiff's motion. It is clear that the Court must actively participate in the discovery phase of this case to keep it manageable. The Court's concern is to maintain economy and minimize expense and inconvenience to all the parties to the litigation. *See* Fed.R.Civ.P. 1. Therefore, discovery will proceed as follows:

1. Plaintiff will produce the requested documents to defendant in Detroit at least 10 days in advance of any depositions so that they are useful in the conducting of the depositions.

2. A principal officer of plaintiff having the most extensive knowledge about the matters being litigated will be deposed first. The deposition will take place at Detroit's Metropolitan Airport.

3. After this single deposition, the Court will hold a status conference to determine who, if anyone, must be deposed next and where such deposition will take place.

Obviously, the parties are not bound by this order if they can come to a mutual agreement for the conducting of discovery on the claims of both parties.

#### II.

Plaintiff moves to amend its complaint, as stated above. Fed.R.Civ.P. 15(a). As noted earlier, defendant also moves to amend its counterclaim; while no grounds are given, the motion is also apparently under the authority of Rule 15(a).

The standard for granting leave to amend is liberal. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Minor v. Northville Public Schools*, 605 F.Supp. 1185 (E.D.Mich.1985). There not appearing to be substantial grounds not to allow the amendments, plaintiff's and defendant's motions are GRANTED.

SO ORDERED.