In re Gregory L. PETERSEN, Debtor.

Bankruptcy No. 97–8873–BKC–3F3.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 24, 1998.

David E. Otero, Jacksonville, Peter L. Steinman, Los Angeles, CA, for Movant.

Robert L. Altman, Palatka, FL, for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Case came before the Court upon a Hearing held on June 18, 1998 on Richard A. Wall's Motion for Protective Order. (Doc. 33). Based upon the evidence and argument presented at the Hearing, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The sole issue before the Court is whether or not a Notice of Taking Deposition filed by Debtor can require Richard A. Wall ("Movant"), a California resident, who filed a Motion to Dismiss or Convert the Debtor's Chapter 13 Bankruptcy, to submit to a deposition to be taken in Jacksonville, Florida. On March 20, 1998, Movant filed the Motion to Dismiss, alleging that the Case should be dismissed for: (1) failing to meet the debt limitations set forth in 11 U.S.C. § 109(e) and (2) being filed in bad faith as an attempt to forum shop to avoid the consequences of the entry of his default in a previously pending California state court action. (Doc. 17). On May 11, 1998, Debtor served a Notice of Taking Deposition, scheduling a deposition of Movant for May 26, 1998 in Jacksonville, Florida. (Debtor's Ex. 1). Movant filed a Motion for Protective Order on May 26, 1998 (Doc. 33) and two memoranda of law to support the Motion (Docs. 34 and 37).

The Memoranda challenge Debtor's right to take Movant's deposition in Florida on several grounds, including: (1) no relevant information is to be gained by deposing Movant as Movant has no knowledge of Debtor's state of mind or motive for filing bankruptcy and further that Motion to Dismiss is based on objective facts, Movant's testimony will not be required at the hearing, and (2) the burden of Movant, a California resident, being deposed in Florida outweighs the relevance of the evidence sought. Movant further alleges that Debtor can only take Movant's deposition within 100 miles of his place of business or residence because: (1) Debtor selected the forum, by filing bankruptcy in Florida and (2) Movant can only be compelled to testify by a subpoena under Federal Rule of Bankruptcy Procedure 9016, which incorporates Federal Rule of Civil Procedure 45, as he is not a party, but a creditor.

### CONCLUSIONS OF LAW

■ First, a motion to dismiss filed under 11 U.S.C. § 1307(c) is a contested matter which is governed by Federal Rule of Bankruptcy Procedure 9014. Fed.R.Bankr.P. 1017(d)(1998) Federal Rule of Bankruptcy Procedure 9014 makes Federal Rule of Bankruptcy Procedure 7030 applicable to contested matters. Fed.R.Bankr.P. 9014 (1998). Rule 7030 dispenses with the use of a subpoena for parties involved in litigation and provides that a notice for the taking of depositions is "sufficient to compel the attendance of a witness who is party to the action." *In re Honda,* 106 B.R. 209, 211 (Bankr.D.Haw.1989)(analyzing a similar provision in Federal Rule of Bankruptcy Procedure 7031); *Collins v. Wayland,* 139 F.2d 677 (9th Cir.), *cert. denied,* 322 U.S. 744, 64 S.Ct. 1151, 88 L.Ed. 1576 (1944); Fed.R.Bankr.P. 7030 (1998). The Court finds that Movant is a party to this action, and therefore, a subpoena is unnecessary to compel his attendance at a deposition.[1]

In addition to finding that a subpoena is not required to compel Movant's attendance at the deposition, the Court further finds

that it is not mandatory that the deposition be taken in California. Pursuant to Rule 9016, Federal Rule of Civil Procedure 45 applies in all cases under the Code. Fed.R.Bankr.P. 9016(1998). Rule 45(c)(3)(A)(ii) states that a court shall quash or modify a subpoena if it "requires a person who is not a party ... to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person...." Fed.R .Civ.P. 45(c)(3)(A)(ii) (1998). Again, having found that Movant is a party to this action, Rule 45 is not applicable.

■ Furthermore, not only is Debtor not required to take the deposition in California, the Local Rules of the Bankruptcy Court for the Middle District of Florida generally provide for the taking of a nonresident moving party's deposition in this District. Local Rule 7026–1(d) states in pertinent part

> For the guidance of counsel in preparing or opposing contemplated motions for a protective order pursuant to F.R.B.P. 7026 related to the place of taking a party litigant's deposition, or the deposition of the managing agent of a party, it is the general policy of the Court that a nonresident plaintiff or moving party may reasonably be deposed at least once in this District during the discovery stages of the case; .... A nonresident, within the meaning of this rule, is a person residing outside the State of Florida.

Local Rule 7026–1(1998). The Court finds that the Movant, a nonresident moving party, may reasonably be deposed at least once in this District. This is the law that governs this Court and this Case.

Although the Court finds that the law is fairly clear in this District, the Court is compelled to respond to the case law submitted by Movant. Movant filed a well-researched and thorough brief addressing how it would be unduly burdensome and inconvenient for him to travel to Florida for a deposition in this Case. However, after having read the cases, the Court finds that there

---

1. Movant refers to himself as a "creditor and party in interest" in the Memorandum of Law in Support of Richard A. Wall's Motion to Dismiss Chapter 13 Case. (Doc. 24 at 2 and 30).

is nothing from the Eleventh Circuit binding this Court to a particular course of action.

 First, as stated in most of the cases cited to by the Movant, this Court's ability to grant the Motion for Protective Order is discretionary. *See, Kovalsky v. Avis Rent–A–Car, Inc.,* 48 F.R.D. 453 (D.P.R.1969); *Ellis Air Lines v. Bellanca Aircraft Corp.,* 17 F.R.D. 395 (D.Del.1955). In its discretion, the Court has balanced the parties' interests. Although Movant did not "choose" this forum, the bankruptcy having been filed by Debtor in this jurisdiction, Movant did choose to file the Motion to Dismiss. Although Movant urges that it would be a burden to come to this jurisdiction for a deposition, the Court has seen the effort and the expense that Movant has expended thus far to protect his rights and the Court believes that attending a deposition in this District, although it may not be the most convenient, it will be in furtherance of his interests. Although his counsel assured the Court that Movant would not be called to testify and that the evidence is purely objective and documentary, the Court believes that Debtor's right to defend the Motion to Dismiss may require any information that can be obtained from Movant.

 Closely tied to the issue of evidence to be submitted is the issue of relevancy. Although Movant argues that any information that he can provide is irrelevant to the determination of the Motion to Dismiss,[2] the Court does not agree. The term "relevancy" should be liberally interpreted at the beginning stage of litigation, and "a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Gagne v. Reddy,* 104 F.R.D. 454, 456 (D.Mass.1984). The Court finds that a possibility exists that Debtor may be

able to glean some relevant evidence from Movant's deposition testimony, and Debtor should have full access to the allegations against him.[3]

 In this jurisdiction, the Court is bound by decisions issued from the District Court for the Middle District of Florida, the Eleventh Circuit Court of Appeals, and the Supreme Court. Furthermore, the Court is bound by the Bankruptcy Code and Rules and the Local Rules of this Court. As previously discussed, there is no binding precedent that requires this Court to grant the Motion for Protective Order, and the Court does not believe that Movant demonstrated that attending a deposition in Florida would result in an undue hardship, which would require the Court to depart from the general rule of allowing a nonresident moving party to be deposed at least once in this District.

---

2. Movant cites to *Gagne v. Reddy,* 104 F.R.D. 454 (D.Mass.1984) to support his argument that his testimony is irrelevant to Debtor's alleged "bad faith." The Court finds *Gagne* to be distinguishable because *Gagne* dealt with a good faith defense, whereas this Case requires Movant to prove that Debtor acted with a lack of good faith. The allegations of lack of good faith and Movant's basis for believing that Debtor acted with a lack of good faith are essential to Debtor's defense of the Motion, as Debtor contends that his

choice of forum is linked to Movant's threatening actions.

3. Furthermore, the Court believes so strongly in the Debtor's right to the access of this information that it declines to order proposed discovery be conducted other than by oral deposition. Although the Court would encourage Debtor to pursue his other discovery options, it leaves that to his discretion.