In re Vicki D. BAKER, Debtor.

Vicki D. Baker, Plaintiff,

v.

Health Services Credit Union, Defendant.

Bankruptcy No. 01–5971–3F3.
Adversary No. 01–196.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 26, 2001.

Charles W. McBurney, Jr., R. Joseph Dill, Jacksonville, FL, for defendant.

T. Eileen Dolaghan, Jacksonville, FL, for plaintiff.

Mamie L. Davis, Jacksonville, FL, Chapter 13 Trustee.

### ORDER DENYING DEFENDANT'S MOTION FOR REHEARING AND MOTION FOR DISSOLUTION OF PRELIMINARY MANDATORY IN-JUNCTION

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court on the Motion for New Trial, or Rehearing,

and Motion for Dissolution of preliminary mandatory injunction directing turnover filed by Health Services Credit Union ("Defendant") on July 20, 2001. (Adv. Doc.11.) Upon review of Defendant's Motions and upon review of the applicable case law, the Court finds it appropriate to deny Defendant's Motion for Rehearing and to deny Defendant's Motion to Dissolve the preliminary mandatory injunction directing turnover. The Court enters the following findings in order to facilitate possible appeal of this Order.

The facts of this Proceeding are not in dispute.

Sometime before June 25, 2001, Defendant repossessed a vehicle owned by Vicki D. Baker ("Plaintiff").

On June 25, 2001, Plaintiff filed a petition for Chapter 13 bankruptcy protection. (Doc. 1.) Plaintiff verbally informed Defendant of the filing of her petition on the same day.

On June 27, 2001, Plaintiff's counsel informed Defendant's counsel of the bankruptcy filing and requested that Defendant turn over Plaintiff's vehicle.

Defendant refused to turn over the vehicle.

On July 3, 2001, Plaintiff filed a Complaint for Turnover of Property. (Adv. Doc.1.) Plaintiff asserts that, by refusing to turn over Plaintiff's vehicle, Defendant is in willful violation of the automatic stay imposed by 11 U.S.C. § 362.

On July 3, 2001, Plaintiff filed a Motion for Emergency Hearing and Temporary Restraining Order. Plaintiff requested that the Court enter an Order directing Defendant to turn over the vehicle. Plaintiff argues that the vehicle is property of

her estate and is essential to her reorganization efforts.

On July 12, 2001, the Court held a hearing on Plaintiff's Motion, at which both sides presented legal argument as to Plaintiff's estate's interest in the vehicle and as to the binding effect of certain opinions on the subject from a district court in the Orlando Division of the Middle District of Florida. (Adv.Doc.8.)

Upon the conclusion of arguments by counsel, the Court found that Plaintiff's estate holds an interest in the vehicle despite the fact that it was repossessed prepetition. The Court also found that it is not bound by the opinions of the district court in the Orlando Division to the contrary. The Court orally entered a preliminary mandatory injunction directing Defendant to turn the vehicle over to Plaintiff.[1]

On July 16, 2001, the Court entered a written Order Granting Plaintiff's Motion for Emergency Hearing and embodying the preliminary mandatory injunction directing Defendant to turn over the vehicle. (Adv.Doc.10.)

On July 20, 2001, Defendant filed the instant Motion for Rehearing and Dissolution. (Adv.Doc.11.) Defendant advances the same arguments it presented at the July 12, 2001 hearing. First, Defendant asserts that a decision of a district court in the Orlando Division binds this Court under the doctrine of *stare decisis*. Second, Defendant points to two decisions of a district court in the Orlando Division in which said district court found that a vehicle repossessed prepetition is not property of a debtor's estate under Florida law and 11 U.S.C. § 541. Defendant asserts that this Court is bound by those decisions and

---

1. Because both parties appeared and presented argument upon the wisdom of injunctive relief, the Court found it appropriate to enter a preliminary mandatory injunction directing turnover rather than the requested temporary restraining order.

therefore must reverse its finding that the vehicle in the instant Proceeding is property of Plaintiff's estate and must be turned over.

## I. THE *KALTER* AND *TIDEWATER* DECISIONS AND THEIR PRECEDENTIAL EFFECT

### A. The rule of *Kalter* and *Tidewater*

On February 18, 2000, in *In re Chiodo*, 250 B.R. 407 (Bankr.M.D.Fla.2000), a bankruptcy court in the Orlando Division denied a creditor relief from the automatic stay to proceed with the foreclosure sale of a vehicle repossessed from a debtor prepetition. *See id.* at 411. The bankruptcy court found that a debtor maintains an interest in a repossessed vehicle until a new certificate of title is issued under Florida Statutes § 319.28. *See id.* Therefore, the bankruptcy court concluded that, under Florida law, a vehicle repossessed but not assigned a new title prepetition is property of a debtor's estate under 11 U.S.C. § 541, and a creditor may not be granted relief to sell such vehicle if the creditor is adequately protected. *See id.* The bankruptcy court based its holding on the fact that the procedures for transfer of title of a repossessed vehicle outlined in § 319.28 would be meaningless if title passed completely to the repossessing creditor upon repossession. *See id.*

On December 14, 2000, in *Bell–Tel Federal Credit Union v. Kalter (In re Kalter)*, 257 B.R. 93 (M.D.Fla.2000), a district court judge in the Orlando Division reversed a bankruptcy court's order granting a debtor's request for turnover of a vehicle that a creditor had repossessed prepetition. *See id.* at 97. The district court found that, under Florida law, a debtor has no interest in a vehicle repossessed prepetition because title to a vehicle passes completely to a repossessing creditor upon repossession, notwithstanding the procedure to obtain a new certificate of title found in § 319.28. *See id.* Therefore, the district court concluded, a vehicle repossessed prepetition in Florida is not property of the estate under § 541, and a creditor may not be obliged to return such vehicle to debtor. *See id.* The district court based its holding on the fact that § 319.28 refers to a debtor whose vehicle is repossessed as the "former owner" of the vehicle. *See id.* The district court found that the phrase "former owner" indicated that title to a repossessed vehicle passed immediately and completely to the repossessing creditor upon repossession, rather than after the title transfer procedures outlined in § 319.28 were complete. *See id.*[2]

On May 30, 2001, in *Tidewater Finance Co. v. Chiodo (In re Chiodo)*, Case No. 6:00–CV–396–3A06–JGG (M.D.Fla. May 30, 2001) ("Tidewater"), the same district court judge reversed the bankruptcy court's decision in *Chiodo* and repeated the conclusion that a vehicle repossessed prepetition is not property of a debtor's estate under Florida law and § 541. *See id.* at 3. The district court cited the existence of *Kalter* as its only grounds for reversal of the bankruptcy court. *See id.*

### B. The precedential effect of a district court decision on bankruptcy courts within the district

■ The Court agrees with the modern trend and finds that a bankruptcy court is not bound by *stare decisis* to follow the decision of a single district judge in a multi-judge district. *See e.g. In re Finley, Kumble, Wagner, Heine, Underberg, Man-*

---

**2.** The *Kalter* decision is currently on appeal to the United States Court of Appeals for the Eleventh Circuit.

*ley, Myerson & Casey,* 160 B.R. 882, 898 (Bankr.S.D.N.Y.1993).

 In order for a court to be bound by another court under the doctrine of *stare decisis,* it must be "inferior" to the court that issued the purportedly binding decision. *See In re Shattuc Cable Corp.,* 138 B.R. 557, 564 (Bankr.N.D.Ill.1992). Under 28 U.S.C. § 151, a bankruptcy court "shall constitute a unit of the district court to be known as the bankruptcy court for that district." 28 U.S.C. § 151 (2001). Thus, a bankruptcy court is not "inferior" to a district court in its district; it is itself a division of and therefore an equal to a district court in its district. Furthermore, it is well established that no district judge within a multi-judge district is bound by the decisions of any one of the other judges in that district. *See Shattuc Cable,* 138 B.R. at 566–67. A district court does not speak as one voice in the same way as the Circuit Courts of Appeal or the Supreme Court. *See id.* at 567. "A bankruptcy judge, like a district court judge, is free to reexamine an issue despite the existence of a prior decision of another judge in the same district unless, by chance or otherwise, all judges in his or her district have ruled consistently on the same issue, or the Circuit or Supreme Court has so held." *Finley, Kumble,* 160 B.R. at 898.[3]

### C. Application to the instant case

The Court finds that it is not bound by the decisions of the Orlando Division district court judge in *Kalter* and *Tidewater. Kalter* and *Tidewater* are the isolated opinions of a single district judge in a multi-judge district, and therefore do not constitute the "law of the district" such that this Court is bound by them under the doctrine of *stare decisis.* The Court is free to adopt the opinions of the *Kalter* court if it finds them persuasive but is also free to disagree with them should it find their logic lacking.

## II. DOES A DEBTOR HAVE AN INTEREST UNDER FLORIDA LAW IN A VEHICLE REPOSSESSED PREPETITION SUCH THAT THE VEHICLE IS "PROPERTY OF THE ESTATE"?

### A. The rule of *Ratliff*

██ The Court respectfully disagrees with the district court in *Kalter.* Under this Court's interpretation of Florida law, a debtor's ownership interest in a repossessed vehicle survives until a new certificate of title is issued pursuant to § 319.28. *See In re Ratliff,* 260 B.R. 526, 530 (Bankr. M.D.Fla.2000) (adopting the reasoning of the bankruptcy court in *Chiodo*). If a new certificate of title to a repossessed vehicle is not issued by the petition date, then the surviving ownership interest is property of a debtor's bankruptcy estate. *See id.* "Florida's motor vehicle title statute, § 319.22 [*et seq*], provides that title to a repossessed car remains in the debtor until the vehicle is sold and a new certificate of title is issued ... [t]herefore, Debtors had a property interest in the vehicle such that foreclosure upon the vehicle may constitute a violation of the automatic stay."[4] *Id.*

---

**3.** In *In re Petersen,* 222 B.R. 382 (Bankr. M.D.Fla.1998), the Court stated that "the Court is bound by decisions issued from the District Court for the Middle District of Florida, the Eleventh Circuit Court of Appeals, and the Supreme Court." *Id.* at 385. The Court disapproves of that statement to the extent

that it supports the proposition that this Court is bound by decisions of a lone district judge in the Middle District of Florida not deciding a direct appeal from this Court.

**4.** The Court also reiterates its finding in *Ratliff* that the Eleventh Circuit's decision in *In re Lewis,* 137 F.3d 1280 (11th Cir.1998) does

■ The Court finds the reasoning of the district court in *Kalter* unpersuasive, and sees no reason to retreat from its holding in *Ratliff* and its endorsement of the bankruptcy court's logic in *Chiodo*.[5] Section 319.28 functions as procedural protection for a debtor's ownership interest in a vehicle that has been repossessed. "Only after all of [the § 319.28] conditions are met can the creditor with a repossessed vehicle obtain a new certificate of title and conclude a sale of the car." *Chiodo*, 250 B.R. at 411. The fact that the Florida legislature chose to provide such post-repossession procedural protection indicates that the legislature assumed that a debtor holds a property interest in a vehicle under Florida law subsequent to its repossession. "The former owner maintains an ownership interest in the repossessed car up to the entry of the [new] certificate of title." *Id.* The *Kalter* court ignored the Florida legislature's intimation of a post-repossession ownership interest and in so doing rendered the procedural protections of § 319.28 meaningless; why should a creditor go through the bother of erasing a debtor's ownership interest from a vehicle's title via § 319.28 when the debtor's ownership interest was extinguished by repossession? This Court will not interpret § 319.28 so as to render it superfluous and ineffective. The Florida legislature's unfortunate choice of the phrase "former owner" to describe a debtor whose vehicle is repossessed does not alone justify ignoring the assumptions and intent behind § 319.28.

## B. Application to the instant case

The Court finds that, under Florida law, Plaintiff maintained an interest in the vehicle on the petition date despite the prepetition repossession by Defendant. Defendant did not complete prepetition the essential steps necessary to erase Plaintiff's ownership interest from the vehicle's title per § 319.28. Therefore, under Florida law, Plaintiff still held a property interest in the vehicle on the petition date. Thus, the vehicle is at least partially property of Plaintiff's bankruptcy estate under § 541 and Defendant must turn over the vehicle in order to cure its ongoing violation of the automatic stay.

The Court concludes that there is no reason to reconsider its finding that Defendant is in violation of the automatic stay by maintaining possession of a vehicle in which Plaintiff's estate has an interest. The Court will not dissolve the preliminary mandatory injunction directing turnover of the vehicle.

Accordingly, it is

**ORDERED:**

1. Defendant's Motion for Rehearing is **denied.**

2. Defendant's Motion to Dissolve the preliminary mandatory injunction directing turnover is **denied.**

---

not control disputes over a Florida debtor's interest in a repossessed vehicle because *Lewis* involved interpretation of Alabama's law of conversion rather than interpretation of Florida's motor vehicle title statute. *See Ratliff*, 260 B.R. at 529–30.

5. The fact that the district court reversed the bankruptcy court's ruling in *Chiodo* does not lessen the persuasiveness of the reasoning advanced by the bankruptcy court. "[A] logical and well-reasoned decision, despite vacatur, is always persuasive authority, regardless of its district or circuit of origin or its ability to bind." *Finley, Kumble,* 160 B.R. at 898.